David SAGANNA, Appellant,

v.

STATE of Alaska, Appellee.

No. 4019.

Supreme Court of Alaska.

May 4, 1979.

---

Stephen D. Cramer, of Merdes, Schaible, Staley & DeLisio, Fairbanks, for appellant.

Bill D. Murphree and Rhonda F. Butterfield, Asst. Dist. Attys., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

This is a sentence appeal. David Saganna pleaded no contest to the offense of receiving stolen property having a value of more than $250, consisting of a soapstone carving which had been stolen from the House of Wood in Fairbanks, Alaska. He was sentenced to three years imprisonment, the maximum sentence permissible under the applicable statute, AS 11.20.350(a). The court also strongly recommended that the Division of Corrections permit Saganna to attend the Comprehensive Alcoholism Program for treatment.

Saganna argues that the trial court was clearly mistaken in imposing the maximum sentence because the court stated during the sentencing proceedings that Saganna was not the worst type of offender within the class of persons committing this offense.

Saganna was twenty-four years old at the time of sentencing. He had worked at various jobs as an adult. It appears that during periodic drinking episodes Saganna tended to run afoul of the law. He had one previous felony conviction, for assault with a dangerous weapon, and twelve misdemeanor convictions [1] on his record.

In the past, we have stated that "maximum sentences should not be imposed without some foundation for characterizing a defendant as the worst type of offender." *Galaktionoff v. State*, 486 P.2d 919, 924 (Alaska 1971). In most cases, worst offender characterization will involve factors intrinsic and extrinsic to the particular offense.[2] Our decisions reveal, however, that a person may be characterized as a worst offender based solely on elements intrinsic to the particular crime for which the defendant is being sentenced, *see, e. g., Burleson v. State*, 543 P.2d 1195, 1200–02 (Alaska 1975) (particularly brutal mayhem offense involving sulfuric acid), or based solely on elements extrinsic to the particular crime, *see, e. g., Waters v. State*, 483 P.2d 199, 201–02 (Alaska 1971) (defendant's prior criminal record supported worst offender classification even though particular offense, viewed in isolation, would not have). Judge Hodges' comments to Saganna at sentencing go no further than indicating that Saganna's particular offense was rather mild in character, but that his prior record and history of alcohol abuse required imposition of the maximum sentence.[3] We believe that the record supports characterization of Saganna as the worst type of offender based upon his extensive prior criminal record, a factor we have held to be of "particular significance" to the determination of worst offender status. *State v. Wortham*, 537 P.2d 1117, 1119 (Alaska 1975).

1. These consisted of four convictions for disorderly conduct, two convictions for being intoxicated on a public highway, two convictions for petty larceny, and one conviction each for aiding an escape, for occupying a building not his own, for disturbing the peace, and for negligent driving.

2. *See State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975) (factors which may be relied on to support worst offender characterization).

3. Addressing the defendant, the sentencing court stated:

> You are certainly not the worst offender, within the class. That on a receiving and concealing case, you're at the bottom of the list in terms of seriousness. This was a very inadept attempt at any criminal conduct. If you did not have a prior history, if you did have an alcohol problem, the court would probably give you a suspended imposition of sentence and a short period of time in custody would be sufficient. But, as I've mentioned, because it is not your first felony conviction, you have a long history, this court feels it's necessary to impose that type of sentence.

From our review of the record, it appears that the trial court imposed the maximum sentence in order to isolate the offender from society and to provide the motivation for him to complete the Comprehensive Alcoholism Program. The court noted that if the defendant completed the program, he would probably be eligible for parole after serving approximately one year of his sentence. The court rejected the possibility of a suspended sentence or a suspended imposition of sentence, in view of the defendant's substantial history of antisocial conduct related to alcohol.

Our review of the record leads us to the conclusion that in imposing sentence, the trial court was not clearly mistaken. *McClain v. State*, 519 P.2d 811 (Alaska 1974).

AFFIRMED.