James J. PASCOE, II, Appellant,

v.

STATE of Alaska, Appellee.

No. 4290.

Supreme Court of Alaska.

Dec. 19, 1980.

Charles G. Evans, Smith, Taylor & Gruening, Anchorage, for appellant.

W. H. Hawley, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

CONNOR, Justice.

■ James Pascoe, II, was charged by indictment with one count of forgery of a check in violation of AS 11.25.020(1) and one count of attempting to pass a forged check in violation of AS 11.25.020(2). Pascoe was found guilty of both counts charged. He was sentenced to six years on each count, to run concurrently, with three years suspended and ordered to make restitution of $5,000.

At trial Pascoe attempted to present the defense of intoxication by establishing that because of his heroin addiction, he was incapable of forming the requisite specific intent to commit forgery.[1] Pascoe now contends that he was deprived of his Sixth Amendment right to present this defense by the trial court's (1) striking of the testimony of defense witness Willie Robinson and (2) refusing to instruct the jury of the defense of intoxication. Pascoe also contends that the trial court erred in receiving evidence of a prior bank robbery at his sentencing hearing. Additionally, he challenges his sentence as being excessive.

### I

After a number of prosecution witnesses had testified that Pascoe appeared sober at the time he passed the forged checks, the defense presented Willie Robinson, the program director of Alaska Family House.

Mr. Robinson testified regarding the effect of heroin upon a person's motor ability: that an individual can appear sober while under the influence of heroin. He also stated that he had interviewed Pascoe for the Family House drug rehabilitation program in September, 1977. Upon cross-examination, Mr. Robinson testified that he had no knowledge as to whether Pascoe had taken heroin during the period in which he committed the charged offenses.

At the conclusion of Mr. Robinson's testimony, the prosecution moved to strike his testimony on the grounds that it was irrelevant. The superior court granted the motion and instructed the jury to disregard Mr. Robinson's testimony.

Evidence is relevant if it has any tendency to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Alaska R.Evid. 401.[2] Mr. Robinson's testimony was relevant, if at all, on the issue of intoxication—to prove that the defendant could have been under the influence of heroin at the time he perpetrated the forgeries, despite his appearance of sobriety. The trial court acknowledged that had there been any evidence to support a defense of intoxication, Mr. Robinson's testimony would be relevant, but concluded that there was no evidence to prove that Pascoe had been in a state of intoxication so as to impede his capacity to form the requisite criminal intent at the time of the alleged forgery offenses. We cannot say that this ruling was erroneous.

■ Evidence that Pascoe was a heroin addict before and after committing the offenses is not sufficient to raise a defense of intoxication. There must be proof that he committed the criminal act while in a state

---

1. AS 11.70.030, which was in effect prior to the 1980 Criminal Code revision, provided that where a specific intent is a necessary element of the charged offense, intoxication, including intoxication by drugs, may be considered as a defense. Forgery is a specific intent crime. *Morrison v. State*, 469 P.2d 125 (Alaska 1970).

2. The Alaska Rules of Evidence were not in effect at the time of Pascoe's trial, but Rule 401 is reflective of the common law rule of relevancy. *See Hutchings v. State*, 518 P.2d 767, 769 (Alaska 1974); McCormick, Evidence, § 185 at 437 (2d ed. 1972).

of intoxication before he can avail himself of the defense. As 11.70.030; *Kimoktoak v. State*, 584 P.2d 25 (Alaska 1978). All the witnesses who had contact with Pascoe during the forgery incidents testified that he appeared entirely sober at the time. The police officer who arrested Pascoe shortly after he perpetrated the last forgery testified that he appeared sober, responsive to questioning, and aware of his surroundings. The officer also testified that upon interviewing Pascoe, he admitted to being a heroin addict but claimed he had not used heroin for over a month. The only evidence that Pascoe was in a state of intoxication at the time he committed the offenses was his own direct testimony, which was severely impeached on cross-examination,[3] and subsequently stricken from the record.[4] With this evidentiary record before it, we cannot say that the trial court erred in excluding the testimony of Mr. Robinson as being irrelevant to any material issue at trial.

## II

▇▇ The trial court's refusal to give Pascoe's requested instruction on the defense of intoxication was based on its finding that there was no evidence of intoxication at the time of the alleged offenses. Before a court is required to instruct the jury on a defense theory, there must be some evidence in the record to support the defense. *Christie v. State*, 580 P.2d 310 (Alaska 1978). For the reason expressed in the preceding section, the court could properly determine that there was insufficient evidence in the record upon which a reasonable juror could conclude that Pascoe was so intoxicated from the use of heroin at the time of the forgeries as to be incapable of forming the requisite criminal intent.

Thus, we conclude that the court did not err in refusing the requested instruction on intoxication.

## III

Six days prior to the scheduled sentencing of Pascoe, the district attorney notified defense counsel that at sentencing he intended to introduce evidence of a prior bank robbery the defendant had allegedly committed. Defense counsel made a motion, supported by affidavit,[5] to suppress any evidence of the bank robbery charge on the ground that it was not verified. The motion was denied and testimony was taken at the sentencing hearing from four witnesses regarding the defendant's alleged involvement in the bank robbery. After a review of the evidence, the sentencing judge determined that the charge was insufficiently verified and stated that he would not consider the bank robbery in sentencing.

Pascoe argues that the court erred in admitting any evidence in connection with the uncharged crime since he had already made a preliminary showing through affidavit that the allegations were unverified. He contends that the admission of evidence unnecessarily tainted the sentencing determination and warrants a remand for resentencing.

▇▇ A sentencing court may properly consider uncharged offenses or police contacts where they are verified by supporting data or information and the defendant is given the opportunity to deny the allegations and offer rebuttal evidence. *Nukapigak v. State*, 562 P.2d 697 (Alaska 1977). In this case, the court admitted testimony

---

3. On cross-examination, Pascoe stated that he was not so intoxicated that he did not understand what he was doing while passing the forged checks.

4. Pascoe's entire testimony was stricken from the record after he refused to disclose the identity of the persons who allegedly forced him to pass the forged checks by threatening his life and his family.

5. The affidavit of defense counsel stated that his investigation had disclosed that the only evidence linking Pascoe to the bank robbery was one non-positive photographic identification of Pascoe by an eyewitness; the bank teller who was robbed picked someone other than Pascoe from a line-up including the defendant; a polygraph examination of Pascoe indicated that he was truthful when he denied involvement in the robbery; and the U.S. Attorney had decided not to prosecute for lack of evidence.

regarding the uncharged bank robbery and allowed the defendant an opportunity to rebut the evidence in order to determine if the allegation was sufficiently verified. Once he determined that there was insufficient verification to connect Pascoe with the robbery, the sentencing judge specifically stated that he would not consider any of the testimony in sentencing Pascoe.

■ We have held that reference to unverified police contacts in a presentence report does not require a remand for resentencing where the record indicates that the sentencing judge was not unduly or improperly influenced by reference to the unverified police contacts. *Parks v. State*, 571 P.2d 1003 (Alaska 1977); *Thurlkill v. State*, 551 P.2d 541 (Alaska 1976). In *Thurlkill*, we stated that the sentencing judge's indication on the record that he would not rely on the unverified information in sentencing should "negate any impression that the court is considering improper data in determining the appropriate type of sentence...." *Id.* at 545. We find no evidence that the judge who sentenced Pascoe improperly considered the unverified bank robbery. Thus, there is no necessity for a remand.

### IV

■ Pascoe argues that the concurrent sentences of six years, with three suspended, on the counts of forgery and attempting to pass a forged check are excessive. The maximum sentence for each of the offenses for which the defendant was convicted is 20 years.[6] In determining whether a given sentence is excessive, we must consider the total sentence entered, including any period of suspension. *Andrews v. State*, 552 P.2d 150, 152 (Alaska 1976).

Pascoe is 34 years old, divorced, the natural father of two young children, and the adoptive father of his ex-wife's child by a previous marriage. He has a steady employment record and was described by his most recent employer at Yellow Cab as "the number one chauffeur." Prior to these offenses, his only conviction was in 1975 for taking a vehicle without the owner's consent. Pascoe has apparently overcome his heroin addiction.

■ Pascoe contends that there are no special circumstances warranting a sentence in excess of five years, and thus his sentence is clearly erroneous. In *Donlun v. State*, 527 P.2d 472, 475 (Alaska 1974), we adopted the American Bar Association's view that "except for cases involving particularly serious offenses, dangerous offenders and professional criminals, maximum prison terms should not exceed five years." *See, e. g., Salazar v. State*, 562 P.2d 694 (Alaska 1977); *Black v. State*, 569 P.2d 804 (Alaska 1977). The American Bar Association's position was subsequently modified, however, to state that the maximum prison term "ought not to exceed ten years except in unusual cases and normally should not exceed five years." ABA Standards, Sentencing Alternatives and Procedures § 2.1 at 1 (Approved Draft, 1971).[7] While we agree a sentence *normally* should not exceed five years, our review of this case leads us to the conclusion that in imposing sentence, the superior court was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

AFFIRMED.

BOOCHEVER, J., not participating.

---

**6.** AS 11.25.020. This section has subsequently been repealed by the 1980 Criminal Code and replaced by AS 11.46.500–.510.

**7.** Reprinted in ABA Standards Relating to the Administration of Criminal Justice, Compilation 351–52 (1974).