Robert PERUSKI, Appellant,

v.

STATE of Alaska, Appellee.

No. A–956.

Court of Appeals of Alaska.

Dec. 27, 1985.

John Marston Richard, Anchorage, for appellant.

Bryan E. Schuler, Dist. Atty., Bethel, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Robert Peruski was convicted on his pleas of no contest to one count of selling alcoholic beverages without a license, AS 04.11.010(a) and AS 04.16.200(a), and one count of possession of alcoholic beverages for sale in a local option area, AS 04.11.-010(a). Superior Court Judge Christopher R. Cooke found Peruski to be a worst offender and sentenced him to serve two maximum consecutive terms of one year. Judge Cooke suspended 275 days of the sentence on Count I, giving Peruski a total of about one year and three months of unsuspended jail-time to serve. In addition, Peruski was ordered to pay a $5,000 fine on each count. Peruski appeals, contending that his sentences are excessive.

Peruski's convictions stemmed from his involvement in an ongoing scheme for the illegal distribution of enormous quantities of alcoholic beverages in the Bethel area. Count II charged Peruski with possession for sale of more than 33,000 pounds of alcoholic beverages. We think the sentencing record clearly supports Judge Cooke's finding that Peruski was a worst offender. We find no merit to Peruski's claim that imposition of maximum sentences was unwarranted. We similarly reject Peruski's claim that Judge Cooke erred in imposing the maximum fine on each count.

We must nevertheless separately consider whether the unsuspended portions of Peruski's jail sentences could properly be made consecutive. The total period of unsuspended time exceeds the one-year maximum sentence applicable to each count. In order to impose consecutive sentences that exceed the maximum sentence for the single most serious count, the sentencing court must expressly find that the full term of imprisonment is necessary for the protection of the public. *Mutschler v.*

*State,* 560 P.2d 377, 380 (Alaska 1977); *Lacquement v. State,* 644 P.2d 856, 862 (Alaska App.1982). The lack of an express finding of necessity may be excused where the need to isolate the defendant is apparent from the record. *See Neal v. State,* 628 P.2d 19, 21 (Alaska 1981).

In this case, no express finding of necessity was made by Judge Cooke, and it is far from obvious that Peruski must be isolated for more than a year in order to protect the public. While the serious nature of the offenses justifies imposition of a maximum sentence, Peruski is a first offender, and there is no indication that he will engage in repeated criminality if he is not isolated for a period of more than a year. *Cf. State v. Graybill,* 695 P.2d 725, 731 (Alaska 1985) (holding that consecutive sentences exceeding the maximum for a single count were justified even where the offenses were relatively minor misdemeanors, because the defendant's prior record included numerous convictions for similar misconduct and left little hope for rehabilitation). To the contrary, Judge Cooke specifically commented at sentencing that the chances for Peruski's rehabilitation seemed good and that there was no reason to believe Peruski's would be inclined to resume a criminal lifestyle.

Under the circumstances, Judge Cooke was clearly mistaken in imposing consecutively the unsuspended portion of Peruski's jail term for selling alcoholic beverages without a license.[1] We must therefore remand this case for amendment of the judgment to provide that the ninety days of unsuspended imprisonment on Count I be served concurrently with the sentence of imprisonment imposed on Count II.

The sentence imposed on Count II is AFFIRMED. This case is REMANDED for modification of the judgment on Count I as directed herein.

---

1. A consecutive sentence of imprisonment that exceeds the maximum allowable sentence for a single count requires an express finding of necessity only to the extent that the consecutive sentence involves unsuspended imprisonment that must actually be served; imposition of suspended time in excess of the maximum does not trigger the need for a finding of necessity. *See Mutschler v. State,* 560 P.2d 377, 381 (Alaska 1977).

SINGLETON, Judge, concurring.

I join in Chief Judge Bryner's decision to remand this case for resentencing. Our decision today makes clear what has been foreshadowed in our past decisions: a trial court has broad discretion to impose consecutive or concurrent sentences on a defendant who is simultaneously sentenced for independent crimes, so long as the total sentence imposed does not exceed the maximum sentence for the most serious offense. *See, e.g., Lacquement v. State,* 644 P.2d 856 (Alaska App.1982). The maximum sentence is reserved for the most serious offender. An extensive criminal record, or the number of separate crimes for which the defendant is convicted, are major factors in determining whether one is, or is not, a worst offender. *Cf. Saganna v. State,* 594 P.2d 69, 70 (Alaska 1979).

A sentence in excess of the maximum term for the most serious offense, however, requires more than a bald finding by the sentencing court that the defendant is a "worst offender." In addition, the court must satisfy the requirements of *Mutschler v. State,* 560 P.2d 377 (Alaska 1977) and *Lacquement.* A *Mutschler-Lacquement* finding must be based on some evidence that the defendant cannot be deterred or rehabilitated by a total sentence, including consecutive increments, equal to or less than the maximum sentence for his most serious offense. *See State v. Graybill,* 695 P.2d 725, 731 (Alaska 1985). Such a finding should not ordinarily be based solely on the trial judge's perception of a need for the deterrence of other wrongdoers or the affirmation of community norms. Where the trial court makes a *Mutschler-Lacquement* finding, we will uphold it if it is supported by substantial evidence and is not clearly mistaken. Generally, such a finding will be based on "a striking pattern of recidivism" on the part of the defendant. *Graybill,* 695 P.2d at 731. Where the trial court fails to make a *Mutschler-Lacquement* finding, we will affirm the sentence only if we are able to conclude that the record conclusively establishes that the defendant cannot be deterred or rehabilitated by a sentence equal to or less than the maximum sentence for his most serious offense. *See, e.g., Neal v. State,* 628 P.2d 19, 21 (Alaska 1981). Here, Judge Cooke's express finding that Peruski presented no risk of recidivism and could be rehabilitated or deterred by a sentence of one year or less absolutely precludes a sentence in excess of one year, the maximum penalty for the most serious offense for which Peruski was sentenced.