Richard R. ECKLUND, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1416.

Court of Appeals of Alaska.

Dec. 19, 1986.

---

James W. McGowan, Jeffrey F. Sauer, Asst. Public Defenders, Sitka, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, James L. Hanley, Asst. Dist. Atty., Richard A. Svobodny, Dist. Atty., and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Richard R. Ecklund was convicted after entering a plea of no contest to two counts of burglary in the first degree in violation of AS 11.46.300(a)(2)(A), and one count of misconduct involving weapons in the first degree in violation of AS 11.61.200(a)(1). Superior Court Judge Duane K. Craske imposed concurrent six-year terms with two years suspended for the two burglaries and a consecutive two-year term for weapons misconduct. Ecklund appeals, contending that his sentence is excessive. We affirm.

Ecklund's convictions arise from two separate incidents. On July 28, 1985, Ecklund burglarized three different businesses and the National Guard Armory in Sitka. At one of the businesses, Mac's Sporting Goods, he stole two handguns. On September 16, 1985, Ecklund again burglarized Mac's Sporting Goods and stole three more handguns. Ecklund was apprehended approximately three weeks later, after police received information that he was attempting to sell the stolen guns.

The two counts of burglary to which Ecklund pled no contest reflected the two offenses committed at Mac's Sporting Goods. Because Ecklund had previously been convicted of a felony, he was prohibited from possessing any concealable firearms. The charge of misconduct involving weapons was based on Ecklund's continued possession of the stolen handguns. In exchange for Ecklund's pleas of no contest to the three charges, the state dismissed other charges relating to the July 28 and September 16 burglaries.

Because of Ecklund's prior felony conviction, he was subject to presumptive terms of four years for each of the burglaries and two years for misconduct involving weapons. AS 12.55.125(d)(1) and (e)(1). Judge Craske found one applicable aggravating factor: that Ecklund committed the offense while on probation. *See* AS 12.55.-155(c)(20). Based on this factor, Judge Craske sentenced Ecklund to adjusted presumptive terms of six years with two years suspended for each burglary. These sentences were imposed concurrently. Judge Craske imposed the two-year presumptive term for misconduct involving weapons. This term was imposed consecutively to the two burglary sentences. In deciding to

impose the two-year term consecutively, Judge Craske expressly found that Ecklund was a dangerous offender, that his prospects for rehabilitation were slight, and that the full six-year consecutive term was necessary to protect the public.

■ These conclusions find support in the sentencing record. In addition to numerous convictions for driving while intoxicated and driving while his license was suspended, Ecklund's prior record includes convictions for two more serious offenses. In 1981, Ecklund was convicted in Oregon for unauthorized use of a motor vehicle. While this offense does not qualify as a predicate for imposition of a presumptive sentence because it does not have elements similar to those of an Alaska felony, the offense was a felony in Oregon. The sentencing court was entitled to consider this fact in deciding whether to impose consecutive terms. *See Maal v. State*, 670 P.2d 708 (Alaska App.1983).

■ Upon conviction in Oregon, Ecklund was initially given a suspended imposition of sentence and was released on probation. He was thereafter charged on two occasions with violating the conditions of his probation. In 1983, his probation was revoked and he was sentenced to serve a term of eighteen months with six months suspended. After serving the unsuspended portion of his sentence, Ecklund was again released on probation. In 1984, he absconded from probation in Oregon and moved to Fairbanks, Alaska.

On December 6, 1984, Ecklund burglarized a Fairbanks residence and threatened an occupant with a crowbar. He was convicted of burglary in the first degree and was apparently sentenced to serve three years in prison with two and one-half years suspended. Upon release in April of 1985, Ecklund was placed on probation and moved to Sitka. Within several weeks, he was arrested for driving while intoxicated. As a result of this offense, Ecklund entered a thirty-day residential alcohol treatment program. Although he successfully completed the program on June 21, 1985, Ecklund resumed drinking within a week, and approximately one month later he committed the first of the crimes for which he now stands convicted.

Thus, although twenty-three years of age at the time of these offenses, Ecklund had amply demonstrated that he was a persistent and recalcitrant offender. His current convictions represent multiple offenses that were committed while Ecklund was on probation, within six months of his release from imprisonment on a prior conviction for burglary in the first degree. Moreover, Ecklund committed the first series of burglaries within only weeks of completing a residential program of alcohol rehabilitation. Despite repeated attempts at probation and rehabilitation, and despite the imposition of substantial sentences of incarceration, Ecklund has exhibited no inclination to conform his behavior to the requirements of the law.

Ecklund nevertheless maintains that his background is inadequate to warrant a finding that he is a dangerous offender. He notes that he actually served only about four months of his one-year term in Oregon and only about four months of his six-month term in Fairbanks. He argues that these periods of incarceration are not substantial and that a lengthy sentence based on the need to isolate him from the community is therefore not justified.

In advancing this argument, Ecklund relies on prior cases in which we have emphasized that lengthy consecutive sentences should normally be reserved for cases involving dangerous or habitual offenders. *See, e.g., Wood v. State*, 712 P.2d 420 (Alaska App.1986); *Bolhouse v. State*, 687 P.2d 1166, 1175 (Alaska App.1984). *Bolhouse*, in turn, made reference to standard 18–4.-4(c) of the ABA Standards for Criminal Justice, which defines "habitual offender" as one who has been convicted of at least two prior felonies, committed on different occasions, within five years of the present offense, and who has previously served a sentence in excess of one year. According to Ecklund, he should not be subjected to a lengthy consecutive sentence because he

has not served sufficient time to meet the one-year criterion of the ABA Standard.

This argument is unpersuasive for three reasons. First, the ABA Standard relied on by Ecklund defines only the term "habitual offender." It does not define "dangerous offender." In fact, no definition of a dangerous offender is set out in the ABA Standards. *See* ABA Standards 18–2.5(b). Under the Standards, longer sentences are deemed appropriate for either habitual or particularly dangerous criminals. *See* ABA Standards for Criminal Justice § 18–2.1(e) (2d ed. 1980). As we have pointed out in previous decisions, dangerousness, in this context, refers to the likelihood of repetitive criminality, and not necessarily to a propensity for violence. *See Viveros v. State*, 633 P.2d 289, 291 (Alaska App.1981). *See also State v. Graybill*, 695 P.2d 725, 731 (Alaska 1985).

Second, Ecklund was in fact sentenced in Oregon to serve a one-year term of unsuspended imprisonment. The fact that he was released after actually serving only about four months of the sentence is of little consequence, since, under the ABA Standards, the purpose of the one-year requirement is to insure that an offender has been given adequate notice that his conduct is deemed serious. In our view, this purpose is adequately accomplished by the imposition of a one-year unsuspended term, even if an offender eventually obtains an early release.

Third, the Alaska Supreme Court has made it clear that the ABA Standards relied on by Ecklund should not be construed as rigid rules but, rather, as flexible guidelines providing a starting point for case-by-case analysis. *See, e.g., State v. Graybill*, 695 P.2d at 729–30; *Pascoe v. State*, 628 P.2d 547 (Alaska 1980). In the present case, we believe that Ecklund's prior sentences in Oregon and Fairbanks, when considered in context, are sufficiently significant to support Judge Craske's finding that Ecklund was a danger to the community. In the final analysis, it is the totality of Ecklund's criminal history that is determinative.

 In deciding to impose consecutive sentences, Judge Craske carefully considered all of the applicable sentencing criteria. *See State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1971). Judge Craske also made an express finding of necessity, as required by *Lacquement v. State*, 644 P.2d 856 (Alaska App.1982). Having independently reviewed the entire sentencing record, we conclude that the sentences imposed by Judge Craske were not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentences are AFFIRMED.