Herbert JOSEPH, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2753.

Court of Appeals of Alaska.

June 9, 1989.

Barbara K. Brink, Asst. Public Defender, and John Salemi, Public Defender, Anchorage, for appellant.

James E. Torgerson, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Bailey, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., SINGLETON and STEMP, District Court Judges.*

* Sitting by assignment made pursuant to article

## OPINION

BRYNER, Chief Judge.

A jury convicted Herbert Joseph of reckless endangerment, AS 11.41.250, and driving while his license was suspended (DWLS), AS 28.15.291(a). District Court Judge Natalie K. Finn sentenced Joseph to nine months with six months suspended for reckless endangerment and to a consecutive one-year sentence for DWLS. The court also placed Joseph on probation for five years and revoked his license for one year. Joseph appeals his sentence as excessive. We affirm.

The evidence at trial indicated that on August 1, 1988, Anchorage Police Sergeant Coffey observed Joseph sitting in the driver's seat of a parked car. Aware that Joseph's license had been suspended, Coffey warned Joseph not to drive. On August 2, 1988, Coffey saw Joseph driving the same car. When Coffey attempted to follow Joseph, Joseph sped away, and a chase ensued. Joseph drove through several stop signs and a red light. He also sped through the parking lot and the loading zone at the Sheraton Hotel. At one point, Joseph narrowly missed hitting a pedestrian, who had to jump out of the way to avoid a collision.

At sentencing, the district attorney pointed out that Joseph had a lengthy misdemeanor record, including eleven prior convictions for DWLS, a conviction for driving while intoxicated (DWI), and convictions for resisting arrest, escape, eluding an officer, disorderly conduct, larceny, shoplifting, and failure to appear. Based on the eleven DWLS convictions, the court concluded that Joseph was a worst offender and that the maximum one-year sentence was necessary in order to deter Joseph, protect society, and reaffirm societal norms. In sentencing Joseph for the reckless endangerment, Judge Finn noted that Joseph ran several stop signs and would have hit the pedestrian but for the pedestrian's evasive action. The court concluded that this behavior coupled with Joseph's

IV, section 16 of the Alaska Constitution.

lengthy misdemeanor record, which revealed his poor rehabilitative potential, justified the imposition of some jail time.

Joseph contends that the court erred when it imposed the maximum one-year sentence for DWLS. Joseph argues that the maximum sentence should be imposed only where DWLS occurs in combination with an alcohol-related offense such as DWI. In Joseph's view, the simultaneous occurrence of an alcohol-related offense with a DWLS makes the DWLS a more serious violation because of the increased potential danger to the public caused by the presence of alcohol. According to Joseph, it follows that where a DWLS occurs in the absence of an alcohol-related offense, a sentence less than the maximum term is appropriate. Joseph also argues that a lesser sentence than the maximum term would have been sufficient to deter him from future infractions.

We reject Joseph's arguments. Joseph's lengthy misdemeanor record and the circumstances of the reckless endangerment conviction, particularly the near miss of the pedestrian, justify the imposition of a maximum term for DWLS and a consecutive three-month unsuspended term for reckless endangerment. *See, e.g., State v. Graybill*, 695 P.2d 725 (Alaska 1985). Having independently reviewed the sentencing record, we conclude that the sentence is not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.

COATS, J., not participating.