Leonard L. FRIEDBERG, Appellant,

v.

STATE of Alaska, Appellee.

No. 7015.

Court of Appeals of Alaska.

May 27, 1983.

Alaska State statutes and Alaska Marine Transportation regulations and policies.

Dana Fabe, Public Defender, Anchorage, for appellant.

George W. Edwards, Asst. Dist. Atty., Larry R. Weeks, Dist. Atty., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Leonard L. Friedberg was convicted upon his plea of no contest to four counts of issuing a bad check in violation of AS 11.-46.280. Each offense constitutes a class C felony, punishable by a maximum term of five years' imprisonment. Superior Court Judge Victor D. Carlson sentenced Friedberg to serve consecutive sentences totalling five years, of which three and one-half years were suspended. Friedberg appeals, challenging his sentences as excessive.

We reject, at the outset, Friedberg's assertion that his sentence must be vacated because Judge Carlson failed to make an express finding of necessity as required by our ruling in *Lacquement v. State,* 644 P.2d 856, 862 (Alaska App.1982), where first of-

fense consecutive sentences are imposed and their total length exceeds the presumptive term specified for the single most serious offense.

While we must, of course, consider the totality of a sentence in ultimately determining whether it is excessive, this does not mean that suspended jail time should be deemed to be the equivalent of time to serve. *Ferreira v. State,* 602 P.2d 803, 806 (Alaska 1979). Thus, for the purpose of determining, under *Lacquement v. State,* whether the total length of consecutive sentences received by Friedberg exceeded the presumptive sentence on any single count, we believe that it is appropriate to focus primarily on the amount of unsuspended jail time imposed by the sentencing court. *Cf. Tazruk v. State,* 655 P.2d 788 (Alaska App.1982) (in determining whether a non-presumptive, first offense sentence exceeds the presumptive sentence applicable to a second offender, our primary focus is on the amount of unsuspended time to serve).

Here, the aggregate amount of unsuspended time imposed by Judge Carlson is one and one-half years, substantially less than the two-year presumptive term prescribed for a second class C felony. We thus conclude that, in imposing this consecutive sentence, Judge Carlson was not required to make a formal finding of necessity pursuant to *Lacquement v. State.*

Friedberg also argues that his sentences, when considered in their totality, are excessive. He predicates this argument exclusively on the Alaska Supreme Court's ruling in *Leuch v. State,* 633 P.2d 1006 (Alaska 1981). However, we think that *Leuch* is readily distinguishable from Friedberg's case. In *Leuch,* the supreme court indicated that a sentence limited to probation and restitution should normally be imposed when a crime involved only damage to property and was committed by a first offender who had no background of difficulty on probation or in other programs aimed at rehabilitation. *Id.* at 1013–14. However, the court held that a total sentence of up to five years was justified for Leuch in light of his prior record of misdemeanor convic-

tions, and the substantial amount of property involved in the charges for which he was convicted. *Id.* at 1014.

Friedberg, who was 42 years old when he committed these offenses, certainly does not fall into the category of youthful first offender. Friedberg's employment history is sporadic, and, according to his own account, he was discharged from military service after "a bunch of summary court martials" and because he "wouldn't take orders."

In context, Friedberg's offenses are far from insignificant. The four counts of which he was convicted represent only four of a total of sixteen bad checks that Friedberg wrote over a two-day period to pay for purchases from the various Anchorage merchants. Friedberg's bad checks amounted to approximately $16,000; he spent most of this sum for high cost items that could easily be resold, such as gold nugget jewelry and fur coats. After two days of making purchases with bad checks, Friedberg left Anchorage for Seattle; he paid for his ticket with another bad check. Friedberg was apprehended at the Nordstrom store in Seattle when he attempted to obtain a cash refund for a $2000 fur coat that he bought with a bad check at Nordstrom's in Anchorage.

Despite the fact that he was apprehended less than two weeks after writing the bad checks, almost none of the merchandise that Friedberg purchased was recovered. Friedberg's explanation for his offenses was that he expected to be employed in the near future and decided to write the checks because he wanted to give Christmas presents to a number of his friends. Friedberg refused to divulge the names of his friends, however, claiming that he did not want to "get them involved." Understandably, this explanation was viewed skeptically by the probation officer who wrote Friedberg's presentence report; Judge Carlson rejected the explanation, and found that Friedberg did not demonstrate any true remorse with respect to his offenses.

■ We think that there is ample evidence in the record to support Judge Carlson's finding that Friedberg's offenses constituted a deliberate course of conduct, by which Friedberg intended to defraud Anchorage merchants of a substantial sum of money. The record further supports Judge Carlson's conclusion that Friedberg showed no genuine remorse at the time of conviction. Furthermore, as indicated by the presentence report, in light of Friedberg's attitude and his sporadic history of employment, the chances that he will make any substantial amount of restitution appear to be slight. All of these considerations combine to make Friedberg's offenses at least as serious as the offenses involved in *Leuch.* Friedberg's overall sentence, however, is considerably lower than the sentence approved in *Leuch.*

Having conducted an independent review of the sentencing record, we are satisfied that Judge Carlson was not clearly mistaken in imposing Friedberg's consecutive sentences. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentences are AFFIRMED.