Ignatius V. GREGORY, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–430.

Court of Appeals of Alaska.

Oct. 12, 1984.

Jonathon A. Katcher, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

William Ingaldson, Asst. Dist. Atty., Bethel, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Ignatius Gregory was convicted of murder in the second degree, an unclassified felony, in violation of AS 11.41.110(a)(1). He received the maximum sentence of ninety-nine years, which was made consecutive to a three and one-half year sentence imposed on revocation of probation on a prior conviction for assault with a dangerous

weapon. Gregory therefore faces a composite sentence of 102½ years. He appeals, contending that his sentence is excessive. We affirm.

The record reflects that Gregory, apparently intoxicated, approached Thomas A. Bushey at a dance in the community hall in Holy Cross, Alaska. Gregory told Bushey that he was not welcome there and a moment later pulled a .44 magnum revolver from inside his coat and shot Bushey in the face. Bushey was unarmed and had done nothing to provoke the attack. Gregory apparently did not know Bushey before the incident.

In *Page v. State,* 657 P.2d 850 (Alaska App.1983), we examined past decisions of our court and of the Alaska Supreme Court reviewing sentences for second-degree murder. We concluded that a typical sentence should be twenty to thirty years and that a substantially more severe sentence should be justified by aggravating factors or extraordinary circumstances. *Id.* at 855. We have recognized, however, that the benchmark sentence established in *Page* was only a target and that deviation could be based on objective, well-reasoned factors. *Minchow v. State,* 670 P.2d 719 (Alaska App.1983).

■ Judge Cooke recognized that second-degree murder was an unclassified felony to which presumptive sentencing did not apply. Consequently, the aggravating factors set out in AS 12.55.155(c) were not directly applicable. He nevertheless properly considered them as appropriate standards in considering deviation from the target sentence established in *Page.* The state gave prehearing notification of five aggravating factors, all of which Judge Cooke found to be present. These factors are that the defendant employed a dangerous instrument in furtherance of the offense, AS 12.55.155(c)(4); that the defendant's prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior, AS 12.55.155(c)(8); that the conduct constituting the offense was among the most serious conduct included in the definition of the offense, AS 12.55.155(c)(10); that the defendant was on probation for another felony charge or conviction, AS 12.55.155(c)(20); and that the defendant knowingly directed the conduct constituting the offense at a victim because of that person's race, sex, color, creed, ancestry, or national origin, AS 12.55.155(c)(22).

■ Gregory concedes that his offense was aggravated and does not seriously dispute four of the five aggravating factors found by the trial court. He does, however, argue that the evidence did not support a finding that the killing was racially motivated. The trial court recognized that the evidence was inconsistent on this point. On the one hand, witnesses testified that Gregory had no particular animosity to members of other races. On the other hand, Gregory's prior felony conviction was for firing a handgun at a member of another race. In addition, immediately after killing Bushey, Gregory said, "I didn't like that white man anyway." Given the evidence, the trial court was not clearly mistaken in giving the limited consideration it did to this aggravating factor. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

■ Regardless of the presence of this factor, however, the four other aggravating factors found, viewed in light of the evidence, justify characterizing Gregory as a worst offender. The nature of the present offense is extremely serious. In addition, Gregory has a history of violent assaults, one of which resulted in the earlier conviction for assault with a dangerous weapon. As the psychiatric reports done on Gregory reflect, his violence is exacerbated by his use of alcohol, and the prognosis for alcohol rehabilitation is not hopeful. Under these circumstances, we cannot say that the trial court's imposition of the maximum sentence is clearly mistaken. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).[1]

1. In *Jimmy v. State,* 689 P.2d 504 (Alaska App. 1984), the trial court imposed a sentence of fifty

The judgment and sentence of the superior court are AFFIRMED.

years with twenty-five years suspended for second-degree murder, a sentence considerably less than the ninety-nine year maximum imposed here. The defendant appealed the sentence claiming it was excessive, and we affirmed. In some respects, Jimmy's crime and Gregory's are similar. However, we note that Jimmy, unlike Gregory, had no history of violence and no prior felony convictions of any kind. Also, we did not mean to imply in *Jimmy* that we would have found a substantially greater sentence excessive.