Kevin F. CRAIN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1987.

Court of Appeals of Alaska.

Oct. 23, 1987.

Brian M. Doherty, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Michael Sean McLaughlin, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Kevin F. Crain pled no contest to and was convicted of one count of theft in the

second degree, a class C felony. Acting Superior Court Judge Michael N. White sentenced Crain, a first felony offender, to a term of four years with two years suspended. Crain appeals, contending that this sentence is excessive. We affirm.

While working as a travel agent, Crain embezzled a total of more than $25,000 from his employer. The embezzlement occurred over a period of more than one year and involved a relatively sophisticated scheme. Crain's theft was discovered in March of 1984. When Crain was confronted with the theft by his employer, he promised to make full restitution. In June of 1984, Crain's wife made one payment of $10,000 from her own funds on Crain's behalf. By that time, Crain had left Alaska and was living in Washington. He thereafter severed all contact with his former employer and made no further effort to pay restitution.

Crain was indicted in November of 1984. He was arrested almost one year later in Washington in September of 1985. While on release pending extradition proceedings, Crain skipped bail. He avoided apprehension until October of 1986, when he was rearrested—again in Washington. He resisted extradition, but was ultimately returned to Alaska in November of 1986.

In sentencing Crain to a term of four years with two years suspended, Judge White emphasized rehabilitation and deterrence, giving each of these sentencing goals equal weight. The judge gave secondary importance to the goal of community condemnation and found the goal of isolation to be inapplicable. Judge White was particularly concerned about the large amount of money embezzled and the deliberate and protracted nature of the offense. In Judge White's view, these considerations clearly took Crain's case out of the class of first-offense property crimes for which a probationary sentence would normally be appropriate. *See Leuch v. State,* 633 P.2d 1006 (Alaska 1981). Judge White also expressly found that Crain's offense, had it qualified for presumptive sentencing, would have been subject to at least two aggravating factors: that the offense was

among the most serious within its class (AS 12.55.155(c)(10)), and that the offense involved significant pecuniary gain with only a slight risk of prosecution (AS 12.55.-155(c)(16)). Based on these factors, the judge found Crain's case to be an exceptional one for purposes of the *Austin* rule. *See Austin v. State,* 627 P.2d 657 (Alaska App.1981).

Having independently reviewed the entire sentencing record, we conclude that Judge White did not err in making these findings. We hold that the sentence imposed below is not clearly mistaken. *See, e.g., Karr v. State,* 686 P.2d 1192 (Alaska 1984); *Brezenoff v. State,* 658 P.2d 1359, 1363 (Alaska App.1983). *See also Friedberg v. State,* 663 P.2d 558 (Alaska App. 1983).

The sentence is AFFIRMED.