Matthew S. WEISS, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3082.

Court of Appeals of Alaska.

Dec. 22, 1989.

Nancy J. Nolan, Asst. Public Defender and John B. Salemi, Public Defender, Anchorage, for appellant.

Michael S. McLaughlin, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Matthew S. Weiss was convicted, based upon his plea of no contest, of sexual abuse of a minor in the second degree, a class B felony. AS 11.41.436(a)(1). Superior Court Judge Peter A. Michalski sentenced Weiss, a first felony offender, to four years of imprisonment. Weiss appeals, arguing that the sentence is excessive. We remand.

At the time of the offense Weiss was twenty-one years old. He was serving in the United States Army. In December of 1987, Weiss and his wife agreed to allow Weiss' wife's fourteen-year-old sister to live with them. The sister-in-law, S.H., was involved in an incestuous sexual relationship with her seventeen-year-old stepbrother. Because of this situation and other behavioral problems, S.H. needed a differ-

---

ent living situation. The Weisses agreed to act as guardians for S.H. and took S.H. to live with them in Alaska. After S.H. started living with the Weisses, Matthew Weiss and S.H. began having sexual intercourse. There were at least twenty-five incidents of sexual intercourse between March and June of 1988.

Sexual abuse of a minor in the second degree is a class B felony. The maximum sentence for a class B felony is ten years. There is a presumptive sentence of four years for a second felony offender, six years for a third felony offender. AS 12.-55.125(d). In *State v. Jackson*, 776 P.2d 320, 326–27 (Alaska App.1989) (footnote and citations omitted), we discussed the sentencing ranges for first offenders convicted of class B felonies:

1. A typical offender committing a typical or moderately aggravated offense should receive an unsuspended term of a year or more to serve. The upper limit in such cases should be four years, reflecting our decision in *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981). In *Austin*, we indicated that first offenders should normally receive a sentence more lenient than the presumptive term for a second felony offender.

2. For an offense that is exceptionally aggravated—one that involves the existence of significant statutorily specified aggravating factors or other extraordinarily aggravated circumstances—a term of up to six years of unsuspended incarceration, the presumptive term for a third felony offender, would be justified.

3. For a case that is less serious than the norm for the offense, either because it involves mitigated conduct or an offender whose background indicates particularly favorable prospects for rehabilitation, a nonprobationary sentence below the one-year to four-year range for typical offenses will be appropriate. By "nonprobationary," we mean a sentence involving at least ninety days of unsuspended incarceration—in other words, a term that exceeds the sixty-day limit of a sentence involving "shock probation."

. . .

4. A probationary sentence—a term involving less than ninety days of unsuspended incarceration—should be reserved for cases that are significantly mitigated in terms of both the offender and the offense.

▪ In arguing that Weiss' sentence was not excessive, the state points out that Weiss' conduct actually constituted an unclassified felony. Because S.H. was "entrusted to [Weiss'] care by authority of law," his conduct actually constituted the unclassified felony of sexual abuse of a minor in the first degree. AS 11.41.-434(a)(2)(A). Since Weiss' conduct actually constituted a greater offense than the one for which he was convicted, Judge Michalski was entitled to look at this as a particularly serious offense. *Benboe v. State*, 698 P.2d 1230, 1232 (Alaska App.1985). In addition, Weiss' offense involved numerous acts of intercourse over an extended period of time. Furthermore, the state points out that S.H. had been entrusted to Weiss' care in order to protect her from similar sexual contact.

▪ The four-year sentence which Judge Michalski imposed is equal to the presumptive sentence for a second felony offender except for the fact that Weiss is eligible for parole. Judge Michalski's sentence places Weiss at the very top of the range for a typical offender committing a typical or moderately aggravated offense. The factors which the state has listed to some degree support this finding. However, there are other factors in Weiss' favor which would support the imposition of a lesser sentence. At the time of sentencing, Weiss was twenty-two years old. He had no prior criminal record. Over the previous several years he had established an outstanding record in the military. According to the psychiatric report:

There is nothing at all in Mr. Weiss' history or in the information available to me from the police reports to suggest that he is a pedophile. His sister-in-law, although only fourteen years of age, was a sexually mature and experienced woman and, while Mr. Weiss may have exploited her sexually, it seems clear that

his sexual impulses are adult and heterosexual in nature.

From the psychiatric reports, it appears that Weiss' offense was largely due to the fact that, at age twenty-one, he was simply not equipped to act as a father to a fourteen-year-old girl with the problem S.H. had. Given Weiss' age and his lack of a prior record, it appears that he may have good prospects for rehabilitation.

Given these factors, a sentence which places Weiss at the top of the range for typical or moderately aggravated offenses is severe. In his sentencing remarks, Judge Michalski does not discuss Weiss' age, his lack of a prior record, or his prospects for rehabilitation. He also did not find that this was a particularly aggravated case. We therefore conclude that the findings in this case are insufficient to support the severe sentence which the court imposed. We accordingly remand and direct the sentencing court to reconsider the sentence and to fully explain its decision.

The case is REMANDED for resentencing consistent with this opinion.