Peter NAGASIAK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–5143.

Court of Appeals of Alaska.

March 3, 1995.

Myron Angstman, Angstman Law Office, Bethel, for appellant.

James K. Metcalfe, Dist. Atty., Bethel, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

MANNHEIMER, Judge.

Peter Nagasiak appeals the sentence he received for two counts of second-degree sex-

ual abuse of a minor, AS 11.41.436(a)(2). We affirm.

Nagasiak was indicted on one count of first-degree sexual abuse of a minor and three counts of second-degree sexual abuse of a minor for engaging in sexual penetration and sexual contact with his seven-year-old stepdaughter. He ultimately pleaded no contest to two counts of second-degree sexual abuse, and the other two charges were dismissed.

■ Nagasiak was a first-felony offender. The offense of second-degree sexual abuse of a minor is a class B felony. AS 11.41.436(b). With certain exceptions not applicable here, there is no presumptive term for first-felony offenders convicted of class B felonies. *See* AS 12.55.125(d). Thus, Nagasiak's sentencing was not governed by the presumptive sentencing statutes. Nevertheless, the State gave notice that it intended to prove four of the aggravating factors listed in AS 12.55.155(c), so that the superior court might sentence Nagasiak to a term of imprisonment exceeding the 4–year presumptive term for second-felony offenders. *See Wylie v. State,* 797 P.2d 651, 662 (Alaska App.1990); *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App. 1981). The State in fact asked the superior court to impose a composite sentence of 10 years' imprisonment with 6 years suspended.

At sentencing, Nagasiak conceded that the State could prove two of these aggravating factors: (c)(18)(A)—that the offense was committed against someone living in the same dwelling as Nagasiak, and (c)(18)(B)—that Nagasiak had engaged in the same or similar conduct with the same victim on other occasions. Superior Court Judge Dale O. Curda found that the State had proved aggravator (c)(5)—that the seven-year-old victim was particularly vulnerable because of her youth. The judge further found that the State had proved aggravator (c)(10) (that Nagasiak's offense was among the most serious) for two reasons: because Nagasiak engaged not only in sexual contact with the victim but also in digital penetration of the victim (conduct constituting the next higher degree of offense), and because Nagasiak had engaged in other uncharged sexual abuse of the same victim. Judge Curda then declared

that he believed aggravating factors (c)(10) and (c)(18)(B) rested on the same basic facts and that these two factors therefore should be merged for purposes of determining Nagasiak's sentence.

Referring to the sentencing benchmarks established by this court in *State v. Jackson,* 776 P.2d 320, 326–27 (Alaska App.1989), Judge Curda concluded that Nagasiak's case was typical to moderately aggravated, and that Nagasiak should therefore receive a sentence within the 1– to 4–year range. After reviewing the sentencing goals enunciated in *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970), Judge Curda sentenced Nagasiak to a composite sentence of 9 years' imprisonment with 6 years suspended (3 years to serve).

On appeal, Nagasiak concedes that the State proved the four aggravating factors, but he argues that Judge Curda should not have placed so much weight on them. This contention is moot. As explained above, Nagasiak's case was not governed by presumptive sentencing. Moreover, Nagasiak received a more favorable sentence than the 4–year presumptive sentence for second-felony offenders. *See Tazruk v. State,* 655 P.2d 788 (Alaska App.1982). Thus, the *Wylie* and *Austin* rules do not govern Nagasiak's case. In short, Judge Curda did not need to find any aggravating factors to support the sentence he imposed on Nagasiak.

Nagasiak further argues that Judge Curda misapplied the *Jackson* benchmark sentencing ranges. Nagasiak asserts that his prospects for rehabilitation are "particularly favorable" and that he therefore should have received a sentence of between 3 months and 1 year to serve. However, Judge Curda specifically addressed Nagasiak's prospects for rehabilitation and found them problematic. On the one hand, Nagasiak confessed to the police before the abuse came to the attention of the authorities in any other fashion. On the other hand, following this confession (and before his indictment), Nagasiak again sexually abused his stepdaughter. Judge Curda concluded that, on the whole, Nagasiak's prospects for rehabilitation were good. However, Judge Curda found that, under all the circumstances, Nagasiak's of-

fense was "moderately aggravated" for purposes of the *Jackson* guidelines. Weighing the three sentencing goals of reaffirmation of community norms, rehabilitation of the offender, and deterrence of future crime, Judge Curda concluded that Nagasiak should serve a considerable term of imprisonment, accompanied by a lengthy suspended term.

 A sentencing judge has substantial discretion when evaluating the priority of the various sentencing goals and the weight they should receive under the facts of a particular case. *Asitonia v. State,* 508 P.2d 1023, 1026 (Alaska 1973). Upon examination of the record in this case, we do not find that Judge Curda abused that discretion.

Nagasiak next asserts that his sentence is disproportionately severe when compared to the sentences Judge Curda has imposed in other analogous sexual abuse cases. We decline to employ unreviewed superior court sentencing decisions as a basis for evaluating Nagasiak's sentence. When this court decides a sentence appeal, we base our decision upon the entire trial court record and upon the arguments and legal authorities presented by the parties. Our affirmance or disapproval of an appealed sentence is premised on the litigation process, a process in which interested parties and their attorneys present their views of the sentence in an adversary posture. The two superior court sentences that Nagasiak wishes to rely on have not been examined on appeal. We lack the full record of those proceedings, and, more important, we lack the benefit of the adversary process in determining the propriety of the sentences imposed in those two other cases. We therefore decline Nagasiak's suggestion to use these unappealed sentences as a basis for comparison when evaluating Nagasiak's sentence.

Finally, Nagasiak argues that his sentence is disproportionate when evaluated in light of this court's decision in *Weiss v. State,* 784 P.2d 251 (Alaska App.1989). The defendant in *Weiss* was a first-felony offender who repeatedly engaged in sex with his fourteen-year-old sister-in-law; he pleaded guilty to one count of second-degree sexual abuse of a minor. The superior court sentenced Weiss to serve 4 years in prison. *Weiss,* 784 P.2d at 251–52. This court did not overturn the superior court's sentence, but suggested that the superior court re-examine and justify the sentence in light of the favorable aspects of Weiss's background and the apparently mitigated nature of the offense. With regard to the mitigated nature of the offense, this court quoted from a trial court psychiatric report that

> [t]here is nothing at all in Mr. Weiss' history or in the information available ... from the police reports to suggest that he is a pedophile. His sister-in-law, although only fourteen years of age, was a sexually mature and experienced woman and, while Mr. Weiss may have exploited her sexually, it seems clear that his sexual impulses are adult[.]

*Weiss,* 784 P.2d at 252–53. Nagasiak's sexual abuse of a seven-year-old child is readily distinguishable from the facts of *Weiss.*

The judgement of the superior court is AFFIRMED.