Albert ALLEN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–07430.

Court of Appeals of Alaska.

Oct. 11, 2002.

---

(Alaska App.2002). He points out that we failed to address some of his challenges to his sentence. We therefore grant rehearing in order to address Allen's remaining arguments.

At sentencing, Allen asserted that the facts of his case established three of the mitigating factors codified in AS 12.55.155(d): (d)(3)—that he committed the homicide under some degree of duress, threat, or compulsion; and (d)(6) or (d)(7)—that he committed the homicide after being subjected to either "serious" or "significant" provocation from the victim. Superior Court Judge Milton M. Souter rejected these three proposed mitigating factors. Instead, Judge Souter found that Allen's crime was among the most serious second-degree murders—because, in fact, Allen had committed first-degree murder. Allen argues that the judge's rulings were mistaken.

Allen's arguments regarding the proposed mitigating factors are moot. The aggravating and mitigating factors listed in AS 12.55.155(c) and (d) apply only to cases governed by presumptive sentencing. Allen was convicted of second-degree murder, a crime that is not governed by presumptive sentencing.[1] When a defendant is sentenced for second-degree murder, the judge is authorized to impose any sentence within the range of imprisonment that the legislature has established for that offense, regardless of whether aggravating or mitigating factors are proved.

Even though the aggravating and mitigating factors codified in AS 12.55.155(c) and (d) do not apply to murder (in either the first- or second-degree), we have approved the use of these factors by analogy in murder sentencings—as points of reference when the parties argue how a particular defendant's crime should be viewed in comparison to a typical murder.[2] But in such cases, the aggravating and mitigating factors are employed only by analogy. The judge's sen-

### Order

#### Petition for Rehearing

Albert Allen seeks rehearing of our decision of his appeal, *Allen v. State,* 51 P.3d 949

1.  *See* AS 12.55.125(b).

2.  *See Sakeagak v. State,* 952 P.2d 278, 284 (Alaska App.1998) (approving a judge's consideration of these statutory aggravating and mitigating factors in a first-degree murder sentencing); *Gregory v. State,* 689 P.2d 508, 509 (Alaska App.1984) (approving a judge's consideration of these factors in a second-degree murder sentencing).

tencing authority is not affected by the judge's findings on these proposed factors. Similarly, the judge's authority to consider these factors is not affected by whether the proposed factors are proved by clear and convincing evidence (as would be required under AS 12.55.155(f) if the factors were being used to increase or reduce a presumptive term).

■ For these reasons, we have repeatedly held that when a judge's authority to impose a particular sentence does not rest on the judge's findings concerning contested aggravating or mitigating factors, any challenges to the judge's findings are moot.[3] We apply this same rule in Allen's case.

■ Moreover, it is clear from Judge Souter's sentencing remarks that he rejected Allen's proposed mitigating factors for the same reason that he found Allen's crime to be among the most serious of second-degree murders: Judge Souter concluded that Allen had in fact committed first-degree murder by intentionally killing an unarmed victim. We discussed this point at some length in our original opinion:

> Judge Souter agreed that Allen had been provoked by Labat. The judge noted that Labat had come to Allen's residence and had made "dire threats" to Allen—threats of what Labat would do to Allen if Allen continued his relationship with Labat's girlfriend. But Judge Souter concluded that "although violence was threatened, no violence was offered". The judge found that Labat was not armed when he came to Allen's house, and he further found that Allen knew that Labat was unarmed. Judge Souter acknowledged that Allen had testified at trial that he believed Labat was armed with a handgun, but the judge declared that Allen's testimony on this point had been "just perjury". "This man never believed that the victim had a gun, or he never would have chased him with a knife."

> Judge Souter found that Allen chased Labat "[while Labat] was running away ... in ... totally frightened retreat—complete retreat, running headlong down the street, ... trying to avoid this defendant". He found that Allen "pursued [Labat] over 200 feet down the street, and once or twice around a pickup truck, in order to stab him". Judge Souter further found that, after Allen stabbed Labat, he "violently smashed [Labat's head] to the pavement ... [and] started stomping on the victim's head. And then, after he did that, [Allen] kicked the victim's body so violently that he lifted him up off the pavement".

> In sum, Judge Souter concluded that even though Labat offered Allen some provocation, Allen's response was "completely out of proportion". Allen "totally flew off the handle and became irrational and acted entirely outside the law" when he armed himself with a knife and chased Labat down the street. The judge found that Allen's offense was among the most serious within the definition of second-degree murder because Allen intended to kill Labat. That is, the judge found that Allen was factually guilty of first-degree murder.

*Allen,* 51 P.3d at 961.

Judge Souter's characterization of Allen's offense is based on reasonable conclusions from the evidence. We therefore uphold Judge Souter's findings, and we again uphold Allen's 66–year sentence for second-degree murder.

---

**3.** *See Krack v. State,* 973 P.2d 100, 104 (Alaska App.1999); *Nagasiak v. State,* 890 P.2d 1134, 1135 (Alaska App.1995).

   *See also Cook v. State,* 36 P.3d 710, 730 (Alaska App.2001) (when the sole legal significance of proposed aggravating factors would have been to authorize the sentencing judge to impose a sentencing exceeding the normal ceiling for first felony offenders under AS 12.55.125(k), and when the judge did not exercise this authority, any challenges to the judge's findings on these aggravators factors were moot).