William A. MAAL, Appellant,

v.

STATE of Alaska, Appellee.

No. 7076.

Court of Appeals of Alaska.

Oct. 14, 1983.

Kevin F. McCoy and William Bixby, Asst. Public Defenders, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Shannon D. Turner, Asst. Dist. Atty., Thomas M. Wardell, Dist. Atty., Kenai, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

William Maal pled guilty to burglary in the first degree, a class B felony. AS 11.-46.300. Superior Court Judge James A. Hanson imposed a maximum sentence of ten years' incarceration, and Maal appealed the sentence, claiming it was too severe. Several months after Maal was sentenced for the burglary, we reversed Maal's conviction for criminal trespass in an unrelated case. *Maal v. State,* Summary Disposition No. 79 (Alaska App., March 4, 1982). Maal had been convicted of the trespass charge, and his appeal in that case was pending when he was sentenced for burglary. Because of the possibility that Judge Hanson might have placed significance on Maal's criminal trespass conviction in sentencing Maal for burglary, we separately vacated Maal's burglary sentence and remanded that case for resentencing in light of the reversal on the trespass charge. *Maal v. State,* Summary Disposition No. 82 (Alaska App., March 4, 1982). On remand, Judge

Hanson reimposed a maximum ten-year term for the burglary; Maal again appeals this sentence. After an independent review of the entire sentencing record, we have decided to remand the case to the superior court with directions to impose a sentence that does not exceed ten years, with four years suspended.

## FACTS

At 3 o'clock a.m. on April 25, 1981, Maal entered a home occupied by Martha Seitz and her four children. Maal had seen Seitz socially and had previously discussed the possibility of marriage with her. Maal was apparently upset because Seitz had informed him that she would not marry him and that she wanted to terminate their relationship. According to Seitz, Maal walked into her bedroom, turned on a light, pointed a rifle at her, and stated that he was going to shoot Seitz and the children. Maal put the barrel of his rifle against Seitz's sternum and repeated his threat to kill her; he stated that the gun was loaded, although in fact it was not. Maal also pulled a knife from his boot, brandished it, and then placed it momentarily against Seitz's neck. Eventually, Seitz persuaded Maal to stop threatening her, and Maal agreed to discuss his problems with the minister of the church that he and Seitz attended. Seitz accompanied Maal to the minister's house where the three of them talked for several hours.

Although a first offender for the purposes of presumptive sentencing, Maal was convicted of several offenses in California between 1959 and 1967. In 1967, Maal married a quadriplegic woman; he devoted the next thirteen years of his life to caring for her. During these thirteen years, Maal remained free of any criminal entanglements. In 1980, however, Maal's wife died, and Maal came to Alaska.

Maal's presentence report contains psychological information that strongly suggests Maal's criminal conduct is closely related to the lack of structure in his life since the death of his wife. There is documentation in the presentence report to sub-

stantiate the conclusion that Maal suffers from an antisocial personality and that the prognosis for psychological treatment is poor. In sentencing Maal, Judge Hanson placed considerable weight on the psychological evaluations, and noted that his own observations of Maal in the courtroom were consistent with those evaluations. The evaluations indicated that Maal had experienced psychological difficulties while on release prior to conviction but that Maal's condition apparently improved after spending time in the structured setting of a jail. Judge Hanson concluded that Maal was a dangerous offender who was not amenable to treatment and who needed to be isolated for the protection of the community. Thus, he sentenced Maal to the maximum ten year term.

## VALIDITY OF SENTENCE EXCEEDING PRESUMPTIVE TERM

On appeal, Maal claims that Judge Hanson was unjustified in imposing a sentence greater than four years, the presumptive term for a second class B felony offender. In *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981), we stated: "Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear that this rule should be violated only in exceptional cases." In deciding whether a first felony offense is exceptional under *Austin,* the sentencing court should determine whether any of the aggravating factors specified in AS 12.55.155(c) would be applicable to the case if it were subject to presumptive sentencing. The court should also decide whether any additional, unspecified aggravating factors would justify referral to a three-judge sentencing panel pursuant to AS 12.55.165 if presumptive sentencing were applicable to the case. *Peetook v. State,* 655 P.2d 1308, 1310 (Alaska App.1982); *Sears v. State,* 653 P.2d 349, 350 (Alaska App.1982).

Here, we believe that Judge Hanson would have been warranted in referring Maal's case to a three-judge sentencing panel if it were subject to presumptive sen-

tencing.[1] We thus conclude that the case is an exceptional one under *Austin*.

At the outset, we expressly reject Maal's argument that his prior convictions should have been disregarded because of their age. We have previously held that, even if a prior felony conviction is too remote in time to be considered in determining whether a defendant is subject to the presumptive sentencing statutes, the conviction can still be considered for sentencing purposes. Substantial weight can be given to a prior conviction if the present circumstances indicate that the prior conviction is still relevant. *See Koganaluk v. State*, 655 P.2d 339 (Alaska App.1982). *See also Seymore v. State*, 655 P.2d 786 (Alaska App. 1982). In the present case, Maal's prior convictions must be deemed highly relevant to sentencing, despite the passage of time.

Between 1959 and 1967, Maal was convicted of numerous offenses, including carrying a concealed weapon, automobile theft, grand larceny, felony escape, and assault with intent to commit rape. During this period, Maal spent most of his time in prison. Under the circumstances of this case, Judge Hanson could properly rely on Maal's numerous prior convictions, despite their age, to conclude that Maal had reverted to a pattern of antisocial and potentially dangerous criminal conduct.

In particular, we think that Judge Hanson could properly consider Maal's prior criminal record to be highly significant when viewed in conjunction with Maal's psychiatric evaluations. The prior criminal record shed light on Maal's apparent inability to abide by the conditions of his release prior to sentencing, and on Maal's courtroom demeanor, which Judge Hanson observed to be "extremely bizarre." Finally, Maal's prior record underscores the seriousness of his conduct in this case. Even though Maal knew his victim, the threats that he made toward her and her children cannot be characterized as idle ones: Maal broke into her home, placed the barrel of his rifle against her chest and held his knife at her neck. We reject Maal's attempt to characterize the offense as being among the least serious in its class. When the seriousness of Maal's conduct is considered with his prior criminal record and information available to the court about his current condition, we think that Maal could be considered a dangerous offender.

We conclude that Maal's prior criminal record is of sufficient importance to have justified referral of his case to a three-judge sentencing panel for imposition of an aggravated sentence if presumptive sentencing were applicable. Accordingly, Judge Hanson's treatment of the case as an exceptional one under the *Austin* rule was appropriate.

## VALIDITY OF MAXIMUM SENTENCE

However, we do not believe that the maximum sentence of ten years to serve imposed by Judge Hanson was justified. *See State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975). While we believe that Judge Hanson could properly take into account the likelihood that Maal would again engage in a pattern of dangerous conduct, it is necessary to keep in mind the concomitant need to judge the seriousness of Maal's offense as compared with other offenses of the same class. In short, the sentence must ultimately be tailored to fit the crime committed in the specific case, and inordinate emphasis must not be placed on predictions of possible future misconduct. AS 12.55.005 makes it clear that this is a central tenet of the sentencing provisions contained in the Revised Alaska Criminal Code. This section provides, in relevant part:

> cumstances surrounding this offense, and the psychiatric evaluations. We therefore assume that specifically enumerated aggravating factors were not established, and our consideration will focus on the importance of Maal's prior record and his current psychological condition.

1. The state has argued that a number of specific aggravating factors would have applied to this case if Maal had been subject to presumptive sentencing. Although a similar argument was advanced by the state at Maal's second sentencing hearing, Judge Hanson gave little or no weight to it. Instead he relied on the significance of Maal's prior criminal record, the cir-

*Declaration of purpose.* The purpose of this chapter is to provide the means for determining the appropriate sentence to be imposed upon conviction of an offense. The legislature finds that the elimination of unjustified disparity in sentences and the attainment of reasonable uniformity in sentences can best be achieved through a sentencing framework fixed by statute as provided in this chapter. In imposing sentence, the court shall consider

(1) the seriousness of the defendant's present offense in relation to other offenses;

The commentary to AS 12.55.005(1) provides insight to the significance of this language:

[AS 12.55.005(1)] reflects the "just deserts" theory of punishment, which holds that justice requires that a sentence imposed on a defendant should be based on the crime he committed rather than on speculation as to his future behavior.

Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47 at 148, 1978 Senate Journal at 1399.

While Maal's background, his psychological condition at the time of sentencing, and his serious conduct in this case are sufficient to warrant a severe sentence, we believe that a maximum ten-year term gives undue prominence to speculation as to Maal's "future behavior." All of the circumstances, both favorable and unfavorable, are significant in the determination of an appropriate sentence. A number of specific factors reflect favorably upon Maal. Yet imposition of a maximum sentence in this case would require that these factors be virtually ignored.

Although, as we have held, considerable weight can be placed on Maal's prior criminal record, despite its age, it is simply unrealistic to ignore the fact that Maal managed to refrain from criminal involvement for a period of more than thirteen years. Moreover, the presentence report indicates that, both before and after his incarceration in this case, Maal was strongly motivated toward rehabilitation and that he was making efforts to deal with his personality disorder.

■ There are also mitigating circumstances involved in the offense itself. Maal's assault was with an unloaded firearm, and he was eventually persuaded by his victim to terminate the assault and to discuss his problems with his minister. The offense apparently occurred at a time when Maal was undergoing considerable emotional stress, stemming from the termination of his relationship with Seitz and from the anniversary of his wife's death. Considering all of the circumstances, we do not think it would be accurate to classify Maal as a worst offender. Thus, we think that imposition of the maximum sentence places undue weight on the psychological reports that predict a possibility of recidivism. Adherence to the "just deserts" principle of AS 12.55.005(1) requires the conclusion that imposition of a maximum, ten-year unsuspended sentence was clearly mistaken in this case.

We hold that, on remand, the sentencing court should impose a sentence not in excess of ten years with four years suspended. This sentence, we believe, reflects an appropriate balance of applicable sentencing criteria. The sentence provides for a period of incarceration equivalent to the presumptive term for a third-time class B felony offender; we consider this a useful benchmark for cases in which nominal first offenders are convicted of crimes under circumstances that would justify referral to a three-judge sentencing panel if presumptive sentencing applied. *See, e.g., Qualle v. State,* 652 P.2d 481, 486 (Alaska App.1982). A sentence of ten years with four years suspended will, we believe, be sufficient to assure that Maal remains in a structured institutional setting for a substantial length of time. The suspended portion of the sentence will provide a means of control and supervision over Maal and will also enable the court to impose a maximum term of incarceration if, after being released, Maal demonstrates a continued inability to conform his conduct to the demands of society and to the requirements of his probation.

The sentence imposed by the superior court is VACATED, and this case is REMANDED for resentencing in conformity with this opinion.