**Stanley R. KIRLIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2759.**

Court of Appeals of Alaska.

Sept. 29, 1989.

Craig S. Howard, Asst. Public Defender, and John Salemi, Public Defender, Anchorage, for appellant.

Michael S. McLaughlin, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Stanley Kirlin was convicted, based upon his plea of no contest, of two counts of sexual abuse of a minor in the second degree, a class B felony. AS 11.41.436(a)(2). Superior Court Judge Peter A. Michalski sentenced Kirlin to ten years with four years suspended on each count, and he ordered those sentences to run consecutive-

ly to each other and consecutively to Kirlin's prior conviction in the state of Washington. Kirlin was serving a sentence of approximately seven years on this prior conviction. Kirlin appeals, arguing that Judge Michalski's sentence was excessive. We affirm.

Kirlin was convicted of having sexual contact during December 1983 with two young girls, ages six and seven. He was convicted of touching the genitals of one young girl with his hands and of having the other touch his genitals. Kirlin was forty-one years old at the time of sentencing.

The record establishes that Kirlin has a long history of sexual involvement with children. This began at an early age and consisted of numerous incidents throughout his life. Most of these incidents did not result in criminal sanctions. However, Kirlin was convicted of indecent liberties in Washington in 1969. Kirlin underwent counseling at the University of Washington for six months as the result of this offense.

The record also shows that Kirlin was married at the age of twenty-two to a woman who had two children, an eleven-year-old son and an eight-year-old daughter. During the marriage, Kirlin began to engage in sexual conduct with the eight-year-old daughter. He indicated that he fondled, performed cunnilingus, digitally penetrated, and attempted sexual intercourse on approximately thirty occasions with the daughter during a six month period of time. Kirlin also indicated that when his wife found out about his sexual conduct with the daughter, she divorced him.

In 1976, Kirlin was fired from his job at a movie theater for molesting two minor girls, ages five and seven. In July 1984, Kirlin was fired from another job in a movie theater for molesting two minor girls, ages eight and nine. In August of 1984, Kirlin was arrested on charges of indecent liberties in the state of Washington. The incidents which led to the Washington conviction actually occurred after the Alaska incidents which are the subject in this case.

As a result of the Washington offenses, Kirlin was originally placed in the sex offender treatment program at Western State Hospital in Washington. He stayed in the program until June 30, 1987. Kirlin was then terminated from the program for failing to make satisfactory progress in treatment and was sentenced to an additional four years, five months, and sixteen days. Kirlin is eligible for parole on his Washington offense in June 1990. In describing Kirlin's sexual interest in minors, the Washington presentence report sums up his history as follows:

> Clearly, his behavior is addictive and compulsive in nature, completely ingrained, and almost the primary interest in his life. He has recognized his behavior as a problem and has become disgusted and depressed on several occasions to try and get away from his compulsion. It is very clear from the previously mentioned data that Mr. Kirlin has a long term pattern of deviant sexual behavior.

From this background, Judge Michalski could properly conclude that Kirlin had a long history of sexual offenses towards children and that his pattern of sexual deviancy was deeply ingrained. Judge Michalski could also conclude that Kirlin's prospects for rehabilitation were poor. It is true that Kirlin is a first felony offender. However, his history shows that he has been unable to respond to treatment in the instances where he has been confronted with his behavior. He has a prior conviction for indecent liberties in 1969 and underwent counseling. He apparently did not respond to that treatment. He has twice been fired from jobs, and his sexual conduct with children led to a divorce.

In arguing that his sentence is excessive, Kirlin makes several points. First, the crime that he was convicted of, sexual abuse of a minor in the second degree, is a class B felony. The maximum sentence for this offense is ten years. The presumptive sentence for a second felony offender is four years, six years for a third felony offender. As a first felony offender, he should normally receive a sentence more favorable than the four-year presumptive sentence for a second felony offender. *Austin v. State*, 627 P.2d 657, 658 (Alaska

App.1981). Secondly, Kirlin points out that the Washington offenses occurred about the same time as the current offenses for which he is being sentenced. In sentencing Kirlin, the Washington court appears to have taken into account Kirlin's extensive history, including his most recent failure in the program at the Western Washington Sexual Offender Program. Kirlin argues that the court should not have imposed his Alaska sentences consecutively to each other and consecutively to the Washington sentence. *See McCombs v. State,* 754 P.2d 1129 (Alaska App.1988) (where a defendant receives sentences from two separate jurisdictions for similar crimes, the court should consider the aggregate length of the sentences in determining whether a sentence is excessive rather than just determining whether the Alaska sentence is excessive). *See also Neal v. State,* 628 P.2d 19, 21 (Alaska 1981).

In order to justify the sentence in this case, we must be able to find that truly exceptional circumstances exist. In general, to justify an extreme sentence such as the one imposed in this case, the defendant must have an extensive criminal record and must have been given several opportunities for rehabilitation. We have previously cautioned that "inordinate emphasis must not be placed on predictions of possible future misconduct." *Maal v. State,* 670 P.2d 708, 711 (Alaska App.1983). *See also Skrepich v. State,* 740 P.2d 950, 954 (Alaska App. 1987). However, we believe that the record in this case is sufficiently clear to justify a substantial sentence emphasizing isolation. Kirlin's extreme and long term history of sexual abuse of minors is clearly established. He has a prior conviction for indecent liberties, has been fired twice, and underwent a divorce because of his pervasive sexual interest in children. Still he was unable to change his behavior. He has most recently failed in the Western Washington Sexual Offender Program. Kirlin's pattern of sexual abuse of minors and his failure to respond to treatment are about as clearly established as possible without a record of prior convictions. We according-

ly conclude that the sentence imposed in this case was not clearly mistaken.

AFFIRMED.