Larry D. CURL, Appellant,

v.

STATE of Alaska, Appellee.

No. A–4262.

Court of Appeals of Alaska.

Dec. 24, 1992.

Paul Canarsky, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

BRYNER, Chief Judge.

Larry Curl entered a plea of no contest to one count of sexual abuse of a minor in the first degree, an unclassified felony punishable by a maximum term of thirty years' imprisonment. AS 11.41.434; AS 12.55.-125(i). In return for Curl's plea, the state dismissed eight additional charges, four involving first-degree sexual abuse of a minor and four involving second-degree abuse. As a second felony offender, Curl was subject to a presumptive term of fifteen years. AS 12.55.125(i)(3). Superior Court Judge Richard D. Savell found three aggravating factors applicable to Curl's case and sentenced Curl to the maximum term of thirty years' imprisonment. Curl appeals, challenging the sufficiency of the evidence as to two of the three aggravating factors found by the superior court and contending that his sentence is excessive. We affirm.

The offense for which Curl was convicted reflects a series of sexual contacts between Curl and a ten-year-old child. The sexual abuse occurred over a span of approximately four months, involving approximately twenty to twenty-five episodes in which Curl engaged in acts of mutual masturbation, fellatio, and simulated sexual intercourse with his victim. Curl was forty-nine years of age at the time and had recently been discharged from parole after having served a maximum sentence of five years for a previous conviction of sexual abuse of a minor (a class C felony when Curl was convicted of the offense in 1982).

Though Curl is nominally a second felony offender, his history of predatory sexual misconduct involving children is exceptionally extensive, dating back thirty years to 1960. Curl has been discharged from military service for acts of molestation and has repeatedly been incarcerated for sexually abusing children. On two occasions he has been committed to mental institutions for treatment as a sexually dangerous person. While incarcerated for his 1982 sexual abuse conviction, Curl participated in a sexual offender treatment program. Despite his apparently successful completion of the program, Curl was described as falling within the "highest category of risk for re-offending" when he was released on mandatory parole. Less than two years later, Curl proved this prediction true by committing the offense for which he now stands convicted.

■ Curl initially contends that Judge Savell erred in finding, as an aggravating factor, that his ten-year-old victim was particularly vulnerable. As Judge Savell recognized, however, age is not the sole determinant of vulnerability under AS 12.55.155(c)(5). In deciding whether this aggravating factor applied, the judge was entitled to consider the totality of the circumstances surrounding Curl's abusive conduct. *Cf. Gant v. State,* 712 P.2d 906, 908–09 (Alaska App.1986); *Martin v. State,* 704 P.2d 1341, 1342 (Alaska App.1985). This is precisely what Judge Savell did. His finding that Curl's victim was particularly vulnerable is not clearly erroneous.

■ Curl next challenges Judge Savell's finding that Curl's conduct was among the most serious included in the definition of his offense, an aggravating factor specified in AS 12.55.155(c)(10). In finding this aggravating factor applicable, however, Judge Savell properly considered that Curl was convicted for an episode of abuse that was one of a series of twenty to twenty-five similar episodes, committed over a period of approximately four months, many of which apparently involved multiple acts of sexual contact. Judge Savell was not clearly erroneous in finding this aggravating factor applicable.

■ Curl lastly argues that his sentence—a maximum thirty-year term—is excessive. In deciding to impose the maximum term, Judge Savell considered not only the aggravated nature of the current offense, but also Curl's virtually uninterrupted, thirty-year history of sexually abusing children, his repeated failures in treatment and apparent inability to be deterred by significant periods of incarceration, and his consistently negative psychiatric evaluations. Based on the totality of the evidence before him, Judge Savell found Curl's prospects for rehabilitation virtually nonexistent and also concluded that he was undeterrable. For this reason, the judge determined that Curl could be considered a worst offender, that he was a continuing danger to the public, and that his isolation was necessary to assure public safety.

On appeal, Curl argues that, in imposing the maximum sentence, Judge Savell placed undue reliance on predicting Curl's future misconduct and thus imposed a sentence that is not tailored to the seriousness of Curl's crime. Curl cites *Maal v. State,* 670 P.2d 708 (Alaska App.1983), in which we emphasized that Alaska's presumptive sentencing statutes follow the "just deserts" theory of sentencing, under which "the sentence must ultimately be tailored

to fit the crime committed in the specific case, and inordinate emphasis must not be placed on predictions of possible future misconduct." *Id.* at 711, 712.

In *Maal,* however, we dealt with a defendant who received a maximum sentence despite being a first felony offender for presumptive sentencing purposes. Although a nominal first offender, Maal had a substantial record of convictions for crimes that were too old to be considered for purposes of triggering the presumptive sentencing statutes. In imposing the maximum term, the sentencing court relied on Maal's criminal history, and also on psychiatric reports that diagnosed Maal as an antisocial personality who had little chance of rehabilitation. *Id.* at 710.

On appeal, we reversed Maal's sentence. Noting that Maal's prior criminal history had been followed by a thirteen-year interval during which Maal had managed to lead a crime-free life, we found the trial court's reliance on the psychiatric predictions of Maal's future danger too speculative to support the imposition of a maximum term. *Id.* at 712.

In contrast, we find nothing speculative in Judge Savell's predictions concerning the possibility of Curl's involvement in future crimes involving the sexual abuse of children. The court's predictions in this case are based not on psychiatric speculation, but rather on Curl's extensive history of similar criminal misconduct—misconduct that he is seemingly incapable of controlling. In context, Curl's negative psychiatric evaluations do little more than confirm what his past conduct makes obvious: if left to his own devices, Curl will continue to molest children.

The maximum term imposed in this case is undeniably an extreme sentence for a second felony offender. But we have previously recognized that an extreme sentence will be justified, and that the principles we articulated in *Maal v. State* will not be violated, when an offender's "extreme and long term history of sexual

abuse of minors is clearly established." *Kirlin v. State,* 779 P.2d 1251, 1253 (Alaska App.1989). Curl's criminal history reveals the type of "lengthy, compulsive, and apparently untreatable pattern of sexually assaultive behavior" that warrants characterizing him as a worst offender—one for whom a maximum sentence is appropriate. *Schuenemann v. State,* 781 P.2d 1005, 1009 (Alaska App.1989).

Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.