**Charles W. WILLIAMS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–4558.**

Court of Appeals of Alaska.

Oct. 8, 1993.

Margaret W. Berck, Law Office of Margaret W. Berck, Juneau, for appellant.

Richard A. Svobodny, Dist. Atty., and Charles Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

BRYNER, Chief Judge.

Charles W. Williams entered a plea of no contest to a single count of sexual assault in the first degree. AS 11.41.410(a)(1). Pursuant to the terms of a plea bargain, the state dismissed thirteen additional first-degree sexual assault counts, as well as two counts of sexual abuse of a minor in the first degree. AS 11.41.434(a)(2). Williams' plea agreement called for him to receive no more than eight years of unsuspended incarceration for his offense—the presumptive term for a first felony offender convicted of first-degree sexual assault. AS 11.41.410(b); AS 12.55.125(i). The agreement further provided that the court would retain discretion to reduce the amount of unsuspended time Williams was to serve, within legal limits, if Williams established any mitigating factors; if the state established any aggravating factors, the court would be free to impose time exceeding the eight-year presumptive term, but only if the time was suspended.

After finding four aggravating factors and no mitigating factors applicable to Williams' case, Superior Court Judge Larry R. Weeks sentenced Williams to a term of twenty years with twelve years suspended. Williams appeals, contending that Judge Weeks erred in finding two aggravating factors and in rejecting two mitigating factors. Williams also contends that his sentence is excessive. We affirm.

Williams was convicted of first-degree sexual assault for raping his nineteen-year-old stepdaughter in her college dormitory room in Juneau. This incident was the last in a series of sexual assaults that began when the victim was six or seven years of age and continued regularly thereafter. Even before Williams began sexually abusing his stepdaughter, he had physically abused her; the physical abuse also continued to occur until the time of Williams' arrest. The sentencing record establishes that Williams had also physically abused his wife and thirteen-year-old son on numerous occasions and that he had been

physically and sexually abusive toward former spouses and their children. In addition, Williams appears to have been involved in sexually assaultive conduct toward other women on two prior occasions: once in 1962 and once in 1967.

Of the four aggravating factors Judge Weeks found applicable to Williams' case, Williams challenges two: that the victim was "particularly vulnerable or incapable of resistance due to advanced age, disability, ill health, or extreme youth or was for any other reason substantially incapable of exercising normal physical or mental powers of resistance," AS 12.55.155(c)(5), and that the victim was "a member of the social unit comprised of those living together in the same dwelling as the defendant," AS 12.55.155(c)(18).

■ Williams contends that Judge Weeks erred in finding aggravating factor (c)(5) applicable, since Williams' stepdaughter was nineteen years old at the time of the assault. But, as Judge Weeks properly observed, the assault for which Williams was convicted culminated a long history of sexual and physical abuse that began when Williams' victim was a young child and was particularly vulnerable to his assaultive conduct; through his prolonged pattern of abuse, Williams rendered his victim incapable of exercising the type of resistance that could be expected from a typical nineteen-year-old.

Contrary to Williams' assertions on appeal, these are not the type of "environmental factors" whose consideration is precluded under Braaten v. State, 705 P.2d 1311, 1321–22 (Alaska App.1985). Rather, Williams' background of abuse toward his victim bears an intrinsic relationship to his assault and to his victim's response to that assault. This is a factor Judge Weeks could properly consider:

> [A]ge is not the sole determinant of vulnerability under AS 12.55.155(c)(5). In deciding whether this aggravating factor applied, the judge was entitled to consider the totality of the circumstances surrounding [the defendant's] abusive conduct. Cf. Gant v. State, 712 P.2d 906, 908–09 (Alaska App.1986); Martin v.

State, 704 P.2d 1341, 1342 (Alaska App. 1985).

Curl v. State, 843 P.2d 1244, 1245 (Alaska App.1992). See also Wentz v. State, 777 P.2d 213, 215 (Alaska App.1989), overruled on other grounds, 805 P.2d 962 (Alaska 1991); Allen v. State, 759 P.2d 541, 550–51 (Alaska App.1988); cf. Hartley v. State, 653 P.2d 1052, 1054 (Alaska App.1982).

The superior court was not clearly erroneous in finding this factor applicable. Lepley v. State, 807 P.2d 1095, 1099 (Alaska App.1991) (clearly erroneous standard of review applies to findings concerning existence of aggravating and mitigating factors).

■ Williams contends that Judge Weeks erred in finding aggravating factor (c)(18) applicable, since the assault that he was convicted of occurred in the dormitory room where his stepdaughter resided while at college. Williams reasons that, since the victim was living outside her family residence while attending school, she was no longer "living together in the same dwelling as the defendant" for purposes of factor (c)(18).

Although factor (c)(18) does require the victim to live in the same dwelling as the defendant, it does not require the offense to occur in the home; nor does the aggravating factor expressly require either the defendant's or the victim's physical presence in the home at any particular time in relation to the time of the offense, provided both are shown to be "living together" there. What constitutes "living together" is not defined. The purpose of the residency requirement, however, is to circumscribe the relevant scope of the "social unit" whose "members" are included in factor (c)(18).

■ The factor's focus on domicile reflects the heightened seriousness of criminal violence occurring among persons whose primary relationship is domestic. For this reason, even if the defendant and the victim are not physically residing in the same dwelling at the time of an offense, the factor will continue to apply if both

regard the same dwelling as their primary domicile, and if their physical absence therefrom is temporary.

Here, the evidence before the sentencing court established that Williams' victim, who grew up in Williams' home, was temporarily away from the home while attending college. The record supports the conclusion that both Williams and his victim retained their domicile in the family home and remained members of the same social unit for purposes of factor (c)(18). Judge Weeks was not clearly erroneous in finding this factor applicable.

Williams next contends that Judge Weeks erred in rejecting both of Williams' proposed mitigating factors: that Williams' conduct was among the least serious within the definition of the offense, AS 12.55.-155(d)(9), and that Williams was an aged defendant whose conduct was substantially a product of physical or mental infirmities resulting from his age, AS 12.55.155(d)(5).

■ With respect to mitigating factor (d)(9), Williams maintains that his conduct was among the least serious of rapes because he did not use force or a weapon and did not physically injure his victim.

In rejecting this proposed mitigating factor, however, Judge Weeks was entitled to consider that the assault Williams committed was part of a years-long pattern of sexually and physically abusive conduct during which Williams repeatedly resorted to threats and physical violence to force his stepdaughter's compliance. Cf. Curl v. State, 843 P.2d at 1246 (in finding defendant's conduct among the most serious included in the definition of the offense, sentencing court properly considered that the incident for which defendant was convicted was one of a series of twenty to twenty-five similar episodes occurring over approximately four months).

■ With respect to mitigating factor (d)(5), Williams contends that his age and physical condition contributed to his commission of the offense. This argument is frivolous. For this factor to apply, Williams was required to establish both that he was an "aged defendant" and that his conduct was "substantially a product of physical or mental infirmities resulting from [his] age." At the time of this offense, Williams was only fifty-three years of age, and he had already been engaged for years in the type of sexually abusive conduct for which he was convicted. Although Williams did present some evidence of various physical disabilities and psychological problems, there is virtually no credible evidence in the record establishing that these problems resulted from his age or were causally linked to his crime. The sentencing court did not err in rejecting this proposed mitigating factor.

■ Williams lastly argues that his total sentence of twenty years with twelve years suspended is excessive. The sentence, however, exceeds the applicable presumptive term of eight years only insofar as it imposes suspended incarceration. Given the totality of the sentencing record, Judge Weeks could properly conclude that Williams' offense was aggravated and that a substantial period of suspended incarceration was called for to serve as a deterrent in the event that Williams' efforts toward rehabilitation proved unsuccessful. In terms of unsuspended time, Williams' sentence is well within the benchmark range established in State v. Andrews, 707 P.2d 900 (Alaska App.1985), affirmed, 723 P.2d 85 (Alaska 1986).

Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below is not clearly mistaken. McClain v. State, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.