**Teddy M. WASSILLIE, Sr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–5684.

Court of Appeals of Alaska.

Feb. 23, 1996.

John McConnaughy, III, Assistant Public Defender, Bethel, and John B. Salemi, Public Defender, Anchorage, for Appellant.

Bruce Ward, Assistant District Attorney, James K. Metcalfe, District Attorney, Bethel, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

BRYNER, Chief Judge.

Teddy M. Wassillie, Sr., pled no contest to and was convicted of one count of sexual abuse of a minor in the second degree, in violation of AS 11.41.436(a)(3). The offense is a class B felony, punishable by a maximum term of ten years' imprisonment. AS 11.41.436(b); AS 12.55.125(d). As a second felony offender, Wassillie was subject to a presumptive term of four years. AS 12.55.125(d). Acting Superior Court Judge Mark I. Wood found three aggravating factors and sentenced Wassillie to a term of ten years with four years suspended. Wassillie appeals, arguing that the sentencing court committed legal error as to the existence of one of the aggravating factors and factual error as to the circumstances underlying a second aggravating factor. Wassillie also argues that his sentence is excessive. We affirm.

Wassillie's conviction stems from an incident that occurred in the village of Napakiak during the summer of 1991. Wassillie entered a bedroom where his eleven-year-old daughter, A.W., lay sleeping. He placed his hand on her panties and began moving his hand up and down on her vagina. The abuse continued for approximately ten minutes. The incident was witnessed by A.W.'s cousin, A.B., who was also in the bedroom.

A.W. reported the incident in 1994; according to A.W., it was one of a series of sexual touchings that Wassillie committed against her over a three-year period: the touchings began when she was in the fourth grade and continued to occur approximately once a month until some time during her seventh-grade year.

Upon pleading no contest to a second-degree sexual abuse of a minor charge for sexually abusing A.W., Wassillie was subject to presumptive sentencing as a second felony offender by virtue of a 1977 incident for which he had previously been convicted of rape, assault with intent to commit rape, and assault with a dangerous weapon. Prior to sentencing on the sexual abuse of a minor

charge, Judge Wood found three aggravating factors applicable to Wassillie's case: 1) that A.W. was a particularly vulnerable victim because she was asleep when Wassillie molested her; 2) that A.W. was a member of Wassillie's household and that Wassillie had engaged in similar conduct with her and another minor on other occasions; and 3) that Wassillie's prior felony conviction was for a more serious class of offense. *See* AS 12.55.155(c)(5), (7), (18).

■ Wassillie first contends Judge Wood erred in finding that the aggravating factor spelled out in AS 12.55.155(c)(5) was applicable to Wassillie's case. Subsection (c)(5) provides for an aggravating factor when "the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, disability, ill health, or extreme youth or was for any other reason substantially incapable of exercising normal physical or mental powers of resistance[.]" In *Braaten v. State*, 705 P.2d 1311, 1321–22 (Alaska App.1985), this court interpreted factor (c)(5) to exclude situational or "environmental" vulnerabilities. There, the sentencing court had found that a sexual assault victim was particularly vulnerable because she was assaulted in her own home. We reversed the finding. Here, Judge Wood ruled that A.W. was particularly vulnerable because she was asleep when Wassillie molested her.[1] Relying on *Braaten*, Wassillie urges us to find that "sleep is situational. Everybody sleeps, and is capable . . . of resisting when they awake. Resistance upon wakening is part of the *normal* capacity of human beings."

■ We find this argument unpersuasive. *Braaten* was not intended, as Wassillie suggests, to limit aggravating factor (c)(5) to vulnerabilities arising from a victim's long-term physical condition. Such an interpretation of *Braaten* would put it in conflict with the express language of AS 12.55.155(c)(5), which encompasses proof that the victim was peculiarly vulnerable due to age, disability, ill

health, or "for any other reason." "Environmental" vulnerabilities of an assault victim under *Braaten* are those external to the victim, as distinguished from those that "bear[ ] an intrinsic relationship to [the defendant's] assault and to his victim's response to that assault." *Williams v. State*, 859 P.2d 720, 722 (Alaska App.1993). Contrary to Wassillie's argument on appeal, sleep is not the type of extrinsic, "situational" or "environmental" factor whose consideration *Braaten* precludes. Rather, sleep is a factor integrally related to one's physical and mental condition—an intrinsic aspect of a person's state of mind.

Moreover, while Wassillie may be correct in observing that normal powers of resistance are quickly restored upon wakening, this observation, in the context of the present case, simply begs the point. The offense for which Wassillie was convicted, second-degree sexual abuse of a minor, consists of a knowing act of sexual touching between an adult and a child. *See* AS 11.41.436(a)(3). By its very nature, the offense involves conduct that can readily be completed before a sleeping victim awakens.

In determining whether A.W.'s sleep rendered her particularly vulnerable for purposes of aggravating factor (c)(5), Judge Wood was entitled to consider the totality of the circumstances surrounding Wassillie's conduct. *Williams*, 859 P.2d at 722 (citing *Gant v. State*, 712 P.2d 906, 908–09 (Alaska App.1986), and *Martin v. State*, 704 P.2d 1341, 1342 (Alaska App.1985)). The record in this case established that A.W. was asleep until awakened by Wassillie's sexual touchings. Regardless of A.W.'s theoretical ability to resist once awakened, she was obviously incapable of resisting until she was awakened. By that time, Wassillie had already committed the sexual touching for which he was convicted. Given these circumstances, Judge Wood properly concluded that, because she was asleep, A.W. was particularly vulnerable to Wassillie's sexual abuse.

1. Judge Wood found, in relevant part:
   A person is not capable of normal physical or mental powers of resistance while asleep. In fact, they are substantial[ly] incapable of exercising those powers and this court finds that sleep is a—fits the categories of this statute and based upon the allegations contained in the presentence report, that basically the defendant knew or reasonably should have known that she couldn't resist and that's why he tried to touch her while she was sleeping.

■ Wassillie next contends that the sentencing court erred in interpreting the evidence relied on by the state to establish aggravating factor (c)(18)(B). Alaska Statutes 12.55.155(c)(18)(B) provides for an aggravating factor when a defendant who is convicted of sexually abusing or assaulting a victim "has engaged in the same or [similar] conduct involving the same or another victim[.]" In the present case, the state's presentencing notice of intent to rely on aggravating factors alleged the existence of this aggravating factor by virtue of Wassillie's repeated abuse of A.W. while she was in the fourth through seventh grades.

Judge Wood, however, evidently interpreted the presentence report in Wassillie's case to indicate, not only that Wassillie had engaged in repeated episodes of sexual touching with A.W., but also that, during the incident specifically covered by the charge in this case, Wassillie had sexually abused or attempted to abuse A.W.'s cousin, A.B. Judge Wood thus concluded that aggravating factor (c)(18)(B) was applicable based on Wassillie's conduct toward both A.W. and A.B. In addressing the significance of this aggravating factor during his sentencing comments, Judge Wood expressly stated, "The fact that there's another victim out there, [A.B.], I put great weight on that part of it."

Wassillie now argues that Judge Wood misinterpreted the presentence report. According to Wassillie, the presentence report does not support the conclusion that A.B. was a victim of abuse or attempted abuse by Wassillie, but establishes only that she was a witness to Wassillie's abuse of A.W.

The presentence report, however, is ambiguous on this point. It indicates that upon being interviewed by the troopers concerning A.W.'s report of sexual abuse, A.B. "confirmed that approximately three years ago, she slept at [A.W.'s] home and recalled that [A.W.'s] father was intoxicated. During the night, Mr. Wassillie touched her on her leg. He then began touching [A.W.] her [sic] on her vagina with his hand. [A.W.] was asleep during the incident." The report's description of Wassillie's touching "her on her leg"

could plausibly be construed as a reference to a touching of either A.B. or A.W. In context, this touching might be interpreted as an attempt at sexual contact with A.B.

Under ordinary circumstances, this type of ambiguity might preclude a finding by clear and convincing evidence that Wassillie engaged or attempted to engage in sexual contact with A.B. In the present case, however, Wassillie filed a written notice prior to sentencing conceding the existence of aggravating factor (c)(18). At the outset of the sentencing hearing, referring to this concession, Judge Wood asked Wassillie's counsel, "And then [aggravating factor] 18, regarding occurring against a member of the household and also against another member of the family. I assume you're referring to [A.B.] with respect to that? That's also conceded." Wassillie's counsel replied, "Yes." Defense counsel thereafter failed to voice any objection when Judge Wood indicated in his sentencing comments that he would put "great weight" on factor (c)(18)(B) because "there's another victim out there, [A.B.]"

In light of his express concession on this issue at the sentencing hearing, Wassillie cannot properly argue on appeal that Judge Wood misunderstood the presentence report.[2] We find no error as to the sentencing court's findings concerning Wassillie's conduct toward A.B.

■ Wassillie lastly argues that the sentence he received, ten years with four years suspended, is excessive. He contends that, with suspended time included, his sentence is equivalent to the ten-year maximum for the offense. This contention lacks merit. Although the entirety of a sentence must be considered in determining whether it is excessive, it is unrealistic to consider suspended time as the equivalent of unsuspended time. See *Jimmy v. State*, 689 P.2d 504, 505 (Alaska App.1984). Wassillie's sentence of ten years with four years suspended is substantially more favorable than a ten-year unsuspended term.

**2.** If Wassillie's concession of this point at the sentencing hearing was mistaken or ill-advised, he would not be barred from raising the issue by filing a timely motion for reduction of his sentence pursuant to Alaska Criminal Rule 35(a).

Wassillie nevertheless points out that the six-year unsuspended portion of his sentence is equivalent to the presumptive term for a third class B felony. *See* AS 12.55.125(d)(2). This is two years more than the four-year presumptive term that applied to Wassillie by virtue of his prior felony conviction. *See* AS 12.55.125(d)(1). Wassillie also notes that, after being convicted of his first felony and serving the unsuspended portion of his sentence for that offense, he successfully completed a five-year period of probation and went on to lead a crime-free life for many years before the current case. In view of this information, Wassillie argues that the sentencing court should have given greater weight to his prospects for rehabilitation and should have imposed no more than four years of unsuspended incarceration.

But the weight and priority to be given to the various sentencing goals was a matter for the sentencing court's discretion. In imposing Wassillie's sentence, Judge Wood found three aggravating factors and no mitigating factors. In the present case, although Wassillie was convicted of a single crime, his conviction reflects a pattern of sexual abuse that occurred on a monthly basis over a period of approximately three years. Judge Wood emphasized that Wassillie's original felony conviction, which triggered presumptive sentencing in the present case, involved an extremely violent sexual assault for which Wassillie was treated quite leniently. Wassillie's current case, like his original felony, involves sexual misconduct. Despite the absence of violence in Wassillie's current offense, Judge Wood found it particularly significant that both the current and past felonies involved sexual misconduct: "[T]hey are really similar offenses to me. It's just that you used a different type of force. One is the direct [use of] force and the other is an implicit force of your own authority—adult authority." Judge Wood also found that Wassillie appeared to have little insight into the nature of his problem and seemed to be "minimizing" his offense.

Considering the totality of the circumstances, the judge found that, although Wassillie had "some potential to rehabilitate," the need to protect society required that this potential play a subordinate role in sentencing: "I believe that the only way to protect society for a long period of time is to give you a substantial jail time with substantial suspended time.... I think that because of the nature of this offense and its similarity with the prior offense, that you are a danger to the public[.]" In imposing sentence, Judge Wood recommended that Wassillie be provided substance abuse and sexual offender treatment while incarcerated; the judge ordered Wassillie to pursue sexual offender treatment if it is offered to him.

Having independently reviewed the entire sentencing record, we conclude that Judge Wood was not clearly mistaken in failing to give more weight to the sentencing goal of rehabilitation. We likewise conclude that the sentence imposed below is not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.