Tyler W. HEAVYRUNNER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–9817.

Court of Appeals of Alaska.

Dec. 7, 2007.

Nelson Traverso, Fairbanks, for the Appellant.

Jenel M. Domke, Assistant District Attorney, and Jeffrey A. O'Bryant, District Attorney, Fairbanks, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Tyler W. Heavyrunner enticed a woman to get into his vehicle (on the pretext that he would give her a ride to the grocery store to get formula for her infant child), and then he abducted her. Heavyrunner drove the woman to an isolated spot, bound her with duck tape, assaulted her, and then abandoned her. The victim spent a substantial period of time in the cold before she was able to obtain help, and as a result she developed hypothermia. By the time she arrived at Fairbanks Memorial Hospital, her body temperature had dropped to 90 degrees Fahrenheit. According to the treating physician, the victim's hypothermia, coupled with her intoxication, posed a substantial risk of death.

Heavyrunner ultimately reached a plea agreement with the State. Under the terms of this agreement, Heavyrunner pleaded no contest to kidnapping and second-degree assault.[1] Heavyrunner also conceded two aggravating factors under AS 12.55.155(c): (c)(8)—that Heavyrunner had a history of aggravated or repeated instances of assaultive behavior; and (c)(12)—that Heavyrunner was on probation from a conviction for a misdemeanor having assault as a necessary element at the time of the current offenses. In exchange, the State dropped pending charges of first-degree sexual assault and second-degree robbery.

The plea agreement specified that Heavyrunner would receive 8 years to serve on the kidnapping conviction, plus a consecutive 2 years to serve on the second-degree assault conviction. Further, the State would be allowed to argue for additional jail time, but any additional jail time would be suspended.

After receiving a pre-sentence report, and after hearing the arguments of the parties, Superior Court Judge Randy M. Olsen imposed a sentence that conformed to the plea agreement. He sentenced Heavyrunner to 35 years with 27 years suspended (*i.e.*, 8 years to serve) for the offense of kidnapping, and a consecutive 2 years to serve for the offense of second-degree assault.

In this appeal, Heavyrunner argues that his sentence for kidnapping is clearly excessive. Heavyrunner does not contest the 8-year "time to serve" component of the sentence—nor could he, since he agreed to this specific sentence.[2] However, Heavyrunner argues that 27 years of suspended imprisonment is manifestly too severe.

As a preliminary matter, the State argues that Heavyrunner's claim is not ripe for decision—that Heavyrunner has no right to appeal the imposition of the 27 years of suspended imprisonment unless and until the superior court revokes his probation and im-

---

**1.** AS 11.41.300(a)(1)(C) and AS 11.41.210(a)(2), respectively.

**2.** *See* AS 12.55.120(a) (declaring that a defendant may not appeal a sentence of imprisonment that

"was imposed in accordance with a plea agreement ... [that] provided for imposition of a specific sentence or a sentence equal to or less than a specified maximum sentence").

poses some or all of this suspended imprisonment.

■ The State is mistaken. As this Court explained in *Jimmy v. State*, 689 P.2d 504, 505 (Alaska App.1984), even though suspended imprisonment is not the equivalent of time to serve, "[i]n determining whether [a] sentence is excessive, we must consider the sentence in its entirety, including all suspended time." *Accord, Wassillie v. State*, 911 P.2d 1071, 1074 (Alaska App.1996).

This Court has, on occasion, given specific consideration to the suspended portion of a defendant's sentence. For instance, in *Williams v. State*, 859 P.2d 720, 723 (Alaska App.1993), this Court found that the sentencing judge "could properly conclude ... that a substantial period of suspended incarceration was called for to serve as a deterrent in the event that [the defendant's] efforts toward rehabilitation proved unsuccessful." And in *Hurd v. State*, 107 P.3d 314, 321, 335 (Alaska App.2005), this Court reviewed a sentence for excessiveness when the sentence of imprisonment was suspended in its entirety except for the portion that the defendant had already served.

We therefore turn to the question of whether the suspended portion of Heavyrunner's sentence is excessive.

■ Kidnapping is an unclassified felony that carries a penalty of 5 to 99 years' imprisonment.[3] The sentence that Heavyrunner negotiated with the State—8 years to serve—is among the most lenient that might be imposed on a defendant convicted of this crime.

Although Heavyrunner was a first felony offender, he had five prior misdemeanor convictions. Three of these were convictions for fourth-degree assault; in all three of these cases, Heavyrunner beat up his girlfriend.

Additionally, Heavyrunner's DNA matched the DNA that was found on the victim of a sexual assault that occurred in Anchorage less than four months before the present offense. As part of the plea agreement in this case, the State agreed not to charge Heavyrunner with this Anchorage sexual assault.

Based on Heavyrunner's criminal history, plus Heavyrunner's conduct in the present case, Judge Olsen concluded that Heavyrunner was extremely dangerous and that his prospects for rehabilitation were not good. The judge noted that Heavyrunner had been sentenced for other crimes in the past, and that he had been on probation, but he had not been deterred.

Although Judge Olsen accepted the agreed-upon 8 years to serve, he added 27 suspended years to Heavyrunner's sentence—apparently both as a deterrent and as a safeguard. Judge Olsen declared that his aim in imposing this suspended term of imprisonment was to make sure that if Heavyrunner got out of prison and "[continued] along the way that [he has], then the state will have the chance to lock [him] back up and keep the community safe."

Given this record, we readily conclude that Heavyrunner's sentence is not clearly mistaken. As in *Williams*, 859 P.2d at 723, Judge Olsen could reasonably conclude that "a substantial period of suspended incarceration was called for to serve as a deterrent in the event that [Heavyrunner's] efforts toward rehabilitation proved unsuccessful."

However, in examining the record, we have discovered a problem in the wording of the judgement.

■ The judgement states that, of the 8 years to serve that Heavyrunner received for kidnapping, "[f]ive years [is] presumptive". The judgement further states that, of the consecutive 2 years to serve that Heavyrunner received for second-degree assault, "[o]ne year [is] presumptive".

Judge Olsen's decision to label 5 years of the kidnapping sentence and 1 year of the second-degree assault sentence as "presumptive" apparently stems from a confusion between presumptive sentences and mandatory minimum sentences. This confusion is demonstrated by the way in which the parties and the court discussed this issue toward the end of Heavyrunner's sentencing hearing:

---

**3.** AS 12.55.125(b).

*Prosecutor:* Your Honor, there's another issue. . . . The first five years [of] the kidnapping [sentence are] presumptive. It's an unclassified felony, [and] under [AS] 12.55.125(b), [a defendant convicted of this crime] shall be sentenced to a definite term of imprisonment [of] at least five years, but not more than ninety-nine.

*The Court:* Mr. [Defense Attorney], any challenge to that?

*Defense Attorney:* No.

*The Court:* That the first five years are presumptive?

*Defense Attorney:* [no verbal response]

▆ But as this Court noted in *Soundara v. State,* 107 P.3d 290 (Alaska App. 2005), "kidnapping does not carry a 5-year presumptive term. Rather, it carries a 5-year mandatory minimum term." As we explained:

A mandatory minimum term is the least possible sentence that can be imposed for a particular crime. A mandatory minimum represents the legislature's assessment of how much prison time should be imposed on an offender even when the offender's background is extremely favorable and the offender has engaged in the most mitigated conduct within the definition of the offense. A presumptive term, on the other hand, is intended for a *typical* offender. The presumptive term "represents the legislature's judgement" as to the appropriate sentence for a typical felony offender (*i.e.,* an offender with the specified number of prior felony convictions, and with a typical background) who commits a typical act within the definition of the offense.

*Soundara,* 107 P.3d at 300 (emphasis in the original) (footnotes omitted).

In other words, contrary to the prosecutor's argument, the defense attorney's concession, and Judge Olsen's ruling, mandatory minimum terms of imprisonment are not presumptive terms. Thus, no portion of Heavyrunner's sentence for kidnapping is presumptive.

(See also *Malloy v. State,* 153 P.3d 1003, 1008–09 (Alaska App.2007), *Carlson v. State,* 128 P.3d 197, 203–04 (Alaska App.2006), and *Page v. State,* 657 P.2d 850, 855 (Alaska App.1983), all recognizing that sentencing for the crime of second-degree murder is not governed by the presumptive sentencing law. Second-degree murder, like kidnapping, is one of the crimes which are subject to indeterminate sentencing under AS 12.55.125(b).)

It may be that, by calling the first 5 years of Heavyrunner's sentence "presumptive", Judge Olsen and the two attorneys meant to describe the fact that Heavyrunner would not be eligible for discretionary parole during those 5 years. See AS 33.16.090(b)(1), which declares that "[a] prisoner . . . who is sentenced . . . to a single sentence under AS 12.55.125(a) or (b) may not be released on discretionary parole until the prisoner has served the mandatory minimum term under [section 125(a) or (b) ], [or] one-third of the active term of imprisonment imposed".

However, as can be seen from the text of AS 33.16.090(b)(1), the limitation on parole eligibility stems from the fact that the prisoner faced a *mandatory minimum sentence,* not a presumptive sentence. Labeling a portion of Heavyrunner's sentence as "presumptive" is both legally incorrect and, potentially, a cause of future confusion—because different provisions of AS 33.16.090 govern the parole eligibility of prisoners who are subject to presumptive sentencing. *See* AS 33.16.090(b)(2)-(4).

▆ For related reasons, it was wrong for Judge Olsen to label the first year of Heavyrunner's 2–year sentence for second-degree assault as "presumptive".

Under Alaska sentencing law before March 2005, a felony offender who was subject to presumptive sentencing faced a fixed presumptive term of imprisonment that could be adjusted by the sentencing judge based on aggravating and mitigating factors. The parole eligibility statutes at the time, AS 33.16.090–100 (pre-March 2005 versions), drew a distinction between (1) the portion of the prisoner's sentence that was attributable to the legislatively fixed presumptive term, and (2) the portion of the prisoner's sentence that was attributable to a judge-imposed sentence enhancement based on aggravating factors. Under former AS 33.16.090(b)-(c), a prisoner who was sentenced under the pre-

sumptive sentencing law was not eligible for parole during the legislatively fixed presumptive term, but was (generally speaking) eligible for parole during the judge-imposed sentence enhancement.

However, this framework has now changed. Under Alaska's current presumptive sentencing law, felony offenders who are subject to presumptive sentencing face presumptive *ranges* of imprisonment—and the parole eligibility statute has been amended accordingly.

AS 33.16.090 no longer defines parole eligibility based on "presumptive terms" and "sentence enhancements". Rather, the parole eligibility of defendants who are subject to presumptive sentencing now varies according to (1) what presumptive range applied to them, (2) whether they received a sentence within or below that presumptive range, or instead a sentence above the presumptive range, (3) whether they were sentenced for two or more crimes, and, if so, (4) whether they received concurrent or consecutive sentences.

For defendants like Heavyrunner, who receive consecutive sentences for two or more crimes, parole eligibility is governed by AS 33.16.090(b)(7):

> [A prisoner who is sentenced] to consecutive or partially consecutive sentences may not be released on discretionary parole until the prisoner has served the greatest of
>
> (A) the composite total of any mandatory minimum sentence or sentences ...;
>
> (B) any term set [by the sentencing judge] under AS 12.55.115; or
>
> (C) the amount of time that is required to be served under [AS 33.16.090(b) ](1)-(5) ... for the sentence imposed for the [prisoner's] primary crime, had that been the only sentence imposed, plus one-quarter of the composite total of the active term[s] of imprisonment imposed as consecutive or partially consecutive sentences ... for all crimes other than the primary crime.

This last provision, AS 33.16.090(b)(7)(C), is the one that applies to Heavyrunner.

4. *See* AS 33.16.090(c)(1) and AS 12.55.127(d)(4).

Heavyrunner's primary crime is kidnapping.[4] If he had been sentenced only for this crime, then, under AS 33.16.090(b)(1), he would not have been eligible for parole until he served the 5–year mandatory minimum sentence prescribed by AS 12.55.125(b). However, Heavyrunner was sentenced for an additional crime, second-degree assault, and he received a consecutive 2–year sentence for that crime.

Because Heavyrunner received consecutive sentences, his parole eligibility is governed by AS 33.16.090(b)(7)(C). Under that statute, he will not be eligible for discretionary parole until he serves the 5–year mandatory minimum sentence for kidnapping "plus one-quarter of [his 2–year] active term of imprisonment" for his other crime. In other words, Heavyrunner will be eligible for discretionary parole after serving 5½ years.

Thus, the fact that 1 year of Heavyrunner's 2–year sentence for second-degree assault is described as "presumptive" in the judgement is both misleading and likely to cause future confusion. Despite the wording of the judgement, AS 33.16.090(b)(7)(C) specifies that Heavyrunner will in fact be eligible for discretionary parole after he has served 6 months of his consecutive sentence for second-degree assault.

(See also *Reyes v. State*, 978 P.2d 635, 641–42 (Alaska App.1999), where we held that a sentencing judge has no discretionary authority to alter the status of a defendant's sentence from non-presumptive to presumptive, or vice-versa.)

Accordingly, we direct the superior court to amend the judgement by striking the two clauses that refer to portions of Heavyrunner's sentences as "presumptive".